Stephen Smyk, J.
Motion by defendant to inspect the Grand Jury minutes pursuant to CPL 210.30 and for a further order of the court dismissing the indictment upon the grounds that the evidence submitted to the Grand Jury was not legally sufficient to support the charge against the defendant, to wit: attempted sale of a controlled substance in the third degree in violation of section 110.00 and subdivision 7 of section 220.39 of the Penal Law. The first part of defendant’s motion is granted. After examining the Grand Jury minutes, this court finds that the evidence adduced before the Grand Jury was *722 sufficient to support the indictment within the meaning of CPL 190.65 (subd 1) and so denies defendant’s motion to dismiss.
The facts of this case are as follows: during the evening of August 19, 1976, in the City of Binghamton, Broome County, New York, the defendant sold, to another, a substance which appeared to be a white powder for the sum of $175. As indicated in the defendant’s statement to the police, the defendant believed at the time of the sale that the substance which he sold contained "speed” or methamphetamine, a controlled substance under article 220 of the Penal Law and article 33 of the Public Health Law.
A subsequent analysis of the powder sold proved that it was, in fact, ephedrine, which is not a controlled substance in this State.
The resolution of this motion involves an interpretation of sections 110.00 and 110.10 of the Penal Law.
Taken together, these two sections provide that a person may be charged with an attempt to commit a crime when, with intent to commit that crime, he engages in conduct which tends to effect its commission; even though under the attendant circumstances as the defendant believed them to be, the crime was impossible of commission.
These sections of our Penal Law seek to clarify a subject upon which the former Penal Law was silent; namely, can one "attempt” to commit a crime which, by virtue of certain circumstances, is impossible of actual commission.
"Impossibility” according to prior case law was of two kinds: factual and legal. Illustrative of factual impossibility is an attempted larceny case based upon an attempt to pick a pocket which is in fact empty (see Commission Staff Notes to the Proposed Penal Law, § 110.10; Gilbert, Criminal Law and Procedure [1974], p 2A-133). An example of legal impossibility is a "receiving” case based upon the acquisition of property which one believes to be stolen but which actually is not (People v Jaffe, 185 NY 497). Case law failed to distinguish between these two types of "impossibility” resulting in confusion among the courts. However, the general rule appeared to be as follows: factual impossibility did not constitute a defense to a prosecution for attempt, but legal impossibility did (People v Rollino, 37 Misc 2d 14).
The present law (Penal Law, § 110.10) alters prior law by *723 denying the defense of both legal and factual impossibility on the theory that neither detracts from the offender’s culpability (see Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 110.10).
Thus to answer the question of whether a person has made an attempt to commit a crime requires a focusing upon the mind and intent of the actor and not upon the result of the act (People v Bauer, 32 AD2d 463, affd 26 NY2d 915; see, also, People v Gardner, 144 NY 119).
There are few reported New York cases dealing with controlled substances which are mistakenly identified by a defendant. One such case, although not directly on point, is People v Van Heffner (NYLJ, Feb. 10, 1977, p 14, col 2). There, the trial court, at the conclusion of the People’s case, dismissed a charge of attempted possession of a controlled substance (cocaine) with the intent to sell the same. The basis for such dismissal was as follows: the evidence had shown the defendant in possession of a substance which was discussed with a prospective purchaser as "cocaine”, but which was, in fact, ledocaine (a noncontrolled substance). The trial court found that the People failed to prove the following: (1) that the defendant thought the substance to be cocaine; and (2) that the defendant performed an act which would advance the consummation of the crime charged. In summary, the trial court felt that the necessary element of criminal intent to sell could not be inferred from merely possessing a substance which was discussed as being a controlled substance.
In the case at bar, there is present direct evidence of the defendant’s state of mind at the time of the subject sale. In the defendant’s statement to the police, he specifically refers to the transaction as having involved the sale of a substance which he had received from his supplier as "speed”, which he possessed as "speed” and which he sold to another as "speed”. This court believes that this defendant’s mistake does not detract from his culpability and therefore holds the indictment to be legally sufficient.
This court is mindful that penal statutes must be strictly and narrowly construed. Our Legislature clearly intended to prohibit drug trafficking by strict and inflexible punishment of offenders (People v Broadie, 37 NY2d 100, cert den 423 US 950).
In view of this legislative intent, the court determines that the defendant’s activity, which goes beyond mere conversation *724 about drugs (see Van Heffner, supra) is of the type covered by the attempt sections of our Penal Law.
Accordingly, the defendant’s motion to dismiss the indictment is denied.