[No. 2766–2. Division Two. August 2, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT RALPH DAVIDSON, *Appellant.*

*Allan L. Overland,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, C.J.—Robert Ralph Davidson was convicted, after a trial to the court, of the crime of attempted possession of stolen property in the second degree. In his appeal, the issue is whether a person can be guilty of attempting to possess stolen property when the property is not actually stolen, but the person believes it is stolen. We affirm, for the reasons set forth below.

There is no dispute as to the facts which were stipulated in the trial court as follows:

(1) On or about the 14th day of September, 1976, Tacoma and Pierce County law enforcement officers went to the defendant's place of employment, an auto body repair shop located in Pierce County, Washington with certain goods and merchandise for the purpose of selling the same to the defendant and to represent them as being stolen goods.

(2) The property in question was: 2 black and white portable television sets, 1 portable color television set, 1 8–track tape player, they were of a value in excess of $250.00.

(3) One of the Tacoma police officers, a young woman working undercover, approached the defendant at the said auto body repair shop, sometime during working hours of September 14, 1976. During the conversation between the officer and the defendant, the officer informed the defendant that television sets and a tape player were "boosted" from some appliance and repair stores. This was understood by both to mean that they had been shoplifted.

(4) After being so informed the defendant and the officer engaged in some negotiations and the defendant paid the officer $180.00 in cash for the items. At the defendant's request they were then loaded into defendant's vehicle parked nearby.

(5) The aforesaid items of property were not in fact stolen. They were obtained from an appliance store by the police for this purpose.

Pursuant to RCW 9A.28.020, defendant was charged with attempting to commit the crime of possessing stolen property in the second degree under RCW 9A.56.160(1)(a)[1] and RCW 9A.56.140(1).[2] The crime of attempt is defined in RCW 9A.28.020(1) as follows:

A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime.

The crucial provision in this appeal is subsection 2 of the attempt statute:

If the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission.

Defendant admits the conduct of which he is accused. His argument is that the conduct does not constitute a crime because the goods in fact were not stolen.

An early case that discussed this concept was *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906). In *Jaffe,* the defendant was convicted of an attempt to receive stolen property, although the goods were not actually stolen. The New York Court of Appeals reversed, observing that if Jaffe in fact had consummated the purchase of the goods offered to him, he could not have been guilty of the crime of receiving stolen property because the goods were not

---

[1]RCW 9A.56.160(1)(a) provides as follows:

"A person is guilty of possessing stolen property in the second degree if:

"(a) He possesses stolen property which exceeds two hundred fifty dollars in value but does not exceed one thousand five hundred dollars in value;"

[2]RCW 9A.56.140(1) defines "possessing stolen property": "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

stolen—an element of the crime itself was missing. Therefore, the court reasoned, it cannot be a crime to attempt to commit an act that is not a crime. The *Jaffe* court distinguished cases involving what has become known as "factual impossibility," such as attempted larceny by a pickpocket from a pocket that is actually empty, on the ground that the substantive crime of larceny would have been committed if the pocket had contained a wallet.

*Jaffe* is an expression of the defense of "legal impossibility," and its rationale has been followed in attempt cases in several jurisdictions, *e.g., United States v. Oviedo,* 525 F.2d 881 (5th Cir. 1976); *United States v. Hair,* 356 F. Supp. 339 (D.D.C. 1973); *State v. Taylor,* 345 Mo. 325, 133 S.W.2d 336 (1939); *Booth v. State,* 398 P.2d 863 (Okla. Crim. App. 1964).

Especially in recent times, however, various courts—in some instances applying controlling statutes—have refused to follow *Jaffe* and have held that it is not a defense to an attempt that the true facts would not have supported a prosecution for the completed crime. *See United States v. Butler,* 204 F. Supp. 339 (S.D.N.Y. 1962); *State v. Carner,* 25 Ariz. App. 156, 541 P.2d 947 (1975); *People v. Rojas,* 55 Cal. 2d 252, 358 P.2d 921, 10 Cal. Rptr. 465, 85 A.L.R.2d 252 (1961); *People v. Moss,* 55 Cal. App. 3d 179, 127 Cal. Rptr. 454 (1976); *Darr v. People,* ___ Colo. ___, 568 P.2d 32 (1977); *Darnell v. State,* 92 Nev. 680, 558 P.2d 624 (1976); *State v. Moretti,* 52 N.J. 182, 244 A.2d 499, 37 A.L.R.3d 364 (1968); *State v. Niehuser,* 21 Ore. App. 33, 533 P.2d 834 (1975).

The Model Penal Code, 10 U.L.A. (1974), which eliminates the *Jaffe*-type defense to the crime of attempt, has been approved in many of the latter cases. It provides, in part, as follows:

§ 5.01. Criminal Attempt

(1) Definition of Attempt. A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result without further conduct on his part; or

(c) purposely does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

Indeed, Judge Shapiro of the New York Supreme Court in *People v. Rollino,* 37 Misc. 2d 14, 233 N.Y.S.2d 580 (1962), went so far as to propose legislative modification of the *Jaffe* rule, and N.Y. Penal Law § 110.10 (McKinney 1965) was passed in 1965 to accomplish that purpose:

Attempt to commit a crime; no defense

If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.

Thus, the "legal impossibility" defense propounded by *Jaffe* has been greatly eroded, even in New York. *See also People v. Bel Air Equip. Corp.* 46 App. Div. 2d 773, 360 N.Y.S.2d 465 (1974); *People v. Rosencrants,* 89 Misc. 2d 721, 392 N.Y.S.2d 808 (1977).

RCW 9A.28.020(2) is substantially identical to the New York statute and is consistent with the modern trend in the law of attempt, *i.e.,* to focus on the criminal intent of the actor, rather than the impossibility of convicting him of a completed crime. W. LaFave & A. Scott, *Handbook on Criminal Law* § 60, at 438–46 (1972).

■ Like the New York statute, our statute eliminates both "factual" and "legal" impossibility as defenses to a

prosecution for attempt, when the "conduct in which a person engages *otherwise* constitutes an attempt to commit a crime." (Italics ours.) The use of the word "otherwise" indicates that it is now a crime to attempt to do an act which would otherwise not be criminal because of the true facts not known to the actor. The apparent reason is to punish his culpable intent. The statute does not impose criminal liability, however, in a related situation: where the defendant intended to do an act which he mistakenly believed constituted a crime, but which has not been made criminal. *See, e.g., Wilson v. State,* 85 Miss. 687, 38 So. 46 (1905).

In this case, defendant intended to buy and possess goods he believed were stolen. He intended to do what he believed to be a criminal act and what would have been criminal if the facts had been as he perceived them. Under RCW 9A.28.020(1), his conduct satisfied the elements of attempt: (1) intent to commit a specific crime; (2) an act which is a substantial step toward the commission of that crime.[3] He intended to buy stolen property and he tendered money in exchange for the property offered to him. Under our statute and the modern decisional law, he has no defense that the property turned out not to be stolen. *State v. Carner, supra; Darr v. People, supra.*

---

[3]"Substantial step" is a phrase derived from the Model Penal Code, 10 U.L.A. § 5.01 (1974). Under Washington decisions interpreting RCW 9.01.070, our prior attempt statute, mere preparation is not enough to form an act constituting an attempt. *See, e.g., State v. Lewis,* 69 Wn.2d 120, 417 P.2d 618 (1966).

The Model Penal Code expresses several examples of "substantial steps" in § 5.01(2), as follows:

(2) Conduct Which May Be Held Substantial Step Under Subsection (1)(c). Conduct shall not be held to constitute a substantial step under Subsection (1)(c) of this Section unless it is strongly corroborative of the actor's criminal purpose. Without negativing the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law:

(a) lying in wait, searching for or following the contemplated victim of the crime;

(b) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission;

The conviction is affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied August 30, 1978.

Review denied by Supreme Court January 19, 1979.

(c) reconnoitering the place contemplated for the commission of the crime;

(d) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed;

(e) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;

(f) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances;

(g) soliciting an innocent agent to engage in conduct constituting an element of the crime.