[No. 5039–1–II. Division Two. December 16, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN GOSSER, *Appellant.*

*Brian Coughenour,* for appellant.

*David Bruneau, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

PETRICH, J.—Defendant Gosser appeals his convictions of attempted escape in the first degree and second degree assault after a jury trial. His assignments raise the following claimed errors:

1. A former state patrolman drawn as a juror should have been excused for cause.

2. The State's amendment to the information on the first day of trial alleging an alternate means of committing second degree assault was untimely and prejudicial to defendant.

3. He was denied a fair and impartial trial because he was observed by the jury in shackles.

4. The invalidity of his guilty plea to the underlying offense supporting attempted first degree escape is a complete defense.

5. Evidence was insufficient to support a finding of guilt. We disagree with defendant and affirm.

On July 4, 1980, the defendant was detained in the Port Angeles jail awaiting sentencing on his guilty plea to willfully failing to return (RCW 72.65.070), which stemmed from his earlier confinement at the Clear Water Correctional Center on another charge. His cell was shared with other inmates including one Ward Coble. At about 10 p.m. that evening a relief jailer entered the cell with a food cart to deliver refreshments. One of the inmates threw hot coffee in his face. The jailer turned, slammed the cell door but did not lock it, and ran down the hallway to the police station offices with Coble and the defendant in pursuit, brandishing a metal bar. Shortly thereafter, both Coble and the defendant returned to the cell and were observed removing street clothing from under their jail–issued coveralls. The defendant then hid the metal bar in the cell. Although the relief jailer testified as to the melee and flight, he was unable to identify Coble or the defendant as the ones throwing the coffee, brandishing the metal bar, or pursuing

him down the corridor. Their identity and activities were testified to by other inmates of the cell.

Defendant moved to withdraw his guilty plea to the underlying charge of willfully failing to return because he was misinformed as to the maximum penalty. The motion was denied by the trial court in the instant action since the court believed the matter was not properly before it. However, an identical request after the instant trial was granted when made in the proper proceeding, and the charges were dismissed by the prosecutor.

### JUROR CHALLENGE

After defendant used his sixth and last peremptory challenge, juror John Haas was selected and questioned on voir dire. Haas was a retired state patrolman of 26 years' service, whose duties for the most part consisted of weighing trucks. It is the defendant's contention that the voir dire of Haas indicated he would unduly favor the State. Because of the critical importance of the examination we set it out in full:

By MR. COWSERT: [Prosecutor]

Q Sir, have you been a juror before?
A No.
Q You have been a policeman?
A Yes.
Q Where was that sir?
A State Patrol.
Q Here locally?
A Yes.

MR. COWSERT: Pass this juror for cause, thank you.

By MR. WALRATH: [for defendant]

Q Mr. Haas, in your experience as a police officer, how long were you employed as a police officer?
A Twenty five, twenty six years.
Q And what were your duties essentially briefly. Were you a dispatcher, were you on the road?
A I was on the road most of the time. I worked with the trucks, I weighed the trucks.
Q Do you, Mr. Haas, believe that Mr. Gosser is not guilty of anything with which the State has charged

him at this point?

A Until proved otherwise, yes.

Q Would you be able to withhold your judgment on that until you have heard everything?

A Yes.

Q You don't feel that your experience as a police officer would have any affect [*sic*] on your judgment?

A Well if it comes down to a question I guess of yes or no, I'd go with the police officer.

Q So you feel that if there is any—if push comes to shove you're going to—

A Push.

Q You're going to go with the State, is that correct?

A Right.

MR. WALRATH: Your Honor, I believe Mr. Haas has indicated that he cannot be entirely impartial and I would therefore be compelled to challenge him for cause.

THE COURT: Mr. Cowsert?

MR. COWSERT: I'm not sure that he said that. I think all the witnesses—

THE COURT: Ask him some more questions.

BY MR. COWSERT:

Q Now as a member of the jury, everybody that takes the stand is subject to your own perceptions about whether to believe him or not.

A Right.

Q Just because a person has a police uniform on doesn't mean he's going to be totally one hundred percent believed to you, does it?

A No.

Q Same way if a person in a jail uniform takes the stand. That doesn't make him a lier [*sic*].

A Yes.

Q You're not saying that you have already made up your mind to believe and not believe?

A That's right.

THE COURT: You would listen to the testimony of both witnesses John and then decide which one to believe?

A Yes.

THE COURT: And it wouldn't be automatic that the police officer would have you believing him as opposed to the others?

A No.

MR. WALRATH: May I ask a question?

THE COURT: Yes you may.

BY MR. WALRATH:

Q Mr. Haas, I think if I understood your answer to my earlier question correctly it might be illustrated in this way. If a police officer got on the stand and testified that it was black, something was black, let's say, and then the defendant got on the stand and he said, no it was white, you would believe the police officer over the defendant, is that correct?

A Right.

Q Without any other factor bearing on your judgment?

A That was the only—your two questions? Yes, it would be black.

Mr. Haas went on to become the jury foreman.

 A prospective juror must be excused for cause if the trial court determines the juror is actually or impliedly biased. RCW 4.44.170. We are here concerned with actual bias.[1] Actual bias, as defined in RCW 4.44.170 is:

the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging, . . .

RCW 4.44.170(2). Although a juror may hold preconceived ideas, a juror need not be disqualified if he can "put these notions aside and decide the case on the basis of the evidence given at the trial and the law as given him by the court." *State v. White,* 60 Wn.2d 551, 569, 374 P.2d 942 (1962), *cert. denied,* 375 U.S. 883, 11 L. Ed. 2d 113, 84 S. Ct. 154 (1963); RCW 4.44.190. The denial of a challenge for cause lies within the discretion of the trial court and will not constitute reversible error absent a manifest abuse of discretion. *State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979). If, however, a juror should have been excused for actual bias, but was not, the remedy is reversal. *Miles v.*

---

[1]*See* Annot., 72 A.L.R.3d 895 (1976), for a discussion of law enforcement officers as qualified jurors in criminal cases.

*F.E.R.M. Enters., Inc.,* 29 Wn. App. 61, 64, 627 P.2d 564 (1981).

It is sometimes a fine line as to when a challenge for cause should be sustained:

> 'Some cases will be ones where an appellate judge might have done differently but at the same time cannot say that there was an abuse of discretion * * *.' Each case must be judged on its particular facts. A determination by the trial judge of the qualifications of a venireman necessarily involves a judgment based on an observation of the demeanor of the venireman and, in the light of that observation, an evaluation and interpretation of his answers as they relate to whether he would be fair and impartial if chosen as a juror.

*State v. Cuckovich,* 485 S.W.2d 16, 23 (Mo. 1972), quoting from *State v. Harris,* 425 S.W.2d 148, 155 (Mo. 1968), and *State v. DeClue,* 400 S.W.2d 50, 57 (Mo. 1966).

Although Haas' answer to the question of whether he would be influenced by his experience as a police officer was uncertain and his answer to the "black and white question" suggests a preference in favor of a police officer's testimony, he clearly stated in response to questioning that he would not believe a police officer's testimony simply because he was an officer or disbelieve a prisoner simply because he was a prisoner and that he had an open mind as to the issue of guilt. The trial court's personal observation of Haas' demeanor in answering the questions places it in a better position to evaluate and interpret the response than we can from reading the cold record. Under these circumstances we cannot say that the trial court abused its discretion in denying the challenge for cause.

## AMENDMENT TO INFORMATION

On the first day of trial, the court allowed the prosecutor to amend the assault charge from a knowing assault of another with intent to commit a felony of first degree escape, RCW 9A.36.020(1)(d), to a knowing assault of another with a weapon or other instrument or thing likely to produce bodily harm. RCW 9A.36.020(1)(c). Defendant

objected, claiming he was prepared to defend the charges as originally alleged but not the charges as amended. A continuance was not requested.

CrR 2.1(d) provides the court may permit an information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced. The defendant has the burden of showing prejudice. *State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968); *State v. Jones,* 26 Wn. App. 1, 612 P.2d 404 (1980). The fact a defendant does not request a continuance is persuasive of lack of surprise and prejudice. *State v. Brown, supra.* Where the principal element in the new charge is inherent in the previous charge and no other prejudice is demonstrated, it is not an abuse of discretion to allow amendment on the day of trial. *State v. Johnson,* 7 Wn. App. 527, 500 P.2d 788 (1972), *aff'd,* 82 Wn.2d 156, 508 P.2d 1028 (1973).

Although proof of the assault as originally charged and as amended is somewhat different, the State was required to prove an assault in each instance. Defendant has failed to show prejudice. We find no abuse of discretion in permitting the amended charge.

### FAIR TRIAL

After the recess following impaneling of the jury, the defendant moved for a mistrial claiming he was unduly prejudiced because shackles were removed from him in the corridor outside the courtroom, presumably in the presence of at least some of the jurors. However, the defendant could not establish which jurors, if any, saw the defendant at that time. The record does not make clear when this occurred. The motion was denied.

It is not reversible error simply because jurors see a defendant wearing shackles. *State v. Peyton,* 29 Wn. App. 701, 630 P.2d 1362, *review denied,* 96 Wn.2d 1024 (1981). As in *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419, *cert. denied,* 385 U.S. 874, 17 L. Ed. 2d 101, 87 S. Ct. 149 (1966), beyond defendant's bare allegation, there is no indication in the record that the incident prejudiced the minds of the

jurors against defendant. We note the trial court did not nor did defendant request it to admonish or instruct the jury to disregard the incident. Denial of defendant's motion was proper.

### INVALIDITY OF GUILTY PLEA TO UNDERLYING OFFENSE IN ATTEMPTED FIRST DEGREE ESCAPE CHARGE

Defendant argues the attempted escape conviction cannot stand because he was not being detained pursuant to a valid conviction.

A person is guilty of escape in the first degree if, being detained pursuant to a felony conviction, he escapes from custody. RCW 9A.76.110. Had defendant been convicted of first degree escape, his argument would have merit under *State v. Brown,* 29 Wn. App. 1, 627 P.2d 142, *review denied,* 96 Wn.2d 1012 (1981), holding that a defendant charged with first degree escape may challenge the constitutional validity of the guilty plea which formed the basis for the detention at the time of the escape. But here, defendant's argument fails.

██ ██ A person is guilty of attempt to commit a crime if, with intent to commit a specific crime, he engages in conduct which is a substantial step toward commission of the crime. RCW 9A.28.020.[2] It is no defense that true facts render the commission of a completed crime legally or factually impossible. *State v. Davidson,* 20 Wn. App. 893, 584 P.2d 401 (1978); RCW 9A.28.020(2). The *Davidson* court in explaining the effect of the statute said:

> our statute eliminates both "factual" and "legal" impossibility as defenses to a prosecution for attempt, when

---

[2]RCW 9A.28.020 states in part:

"Criminal attempt. (1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime.

"(2) If the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission."

the "conduct in which a person engages *otherwise* constitutes an attempt to commit a crime." . . . The use of the word "otherwise" indicates that it is now a crime to attempt to do an act which would otherwise not be criminal because of the true facts not known to the actor. The apparent reason is to punish his culpable intent.

*State v. Davidson,* 20 Wn. App. at 897–98.

Here, the defendant at the time of the incident in the city jail was unaware of the alleged insufficiency of his earlier guilty plea. The record discloses that prior to trial defendant, although attempting to keep the nature of the underlying charge from the jury by a motion in limine, did not question the validity of the plea. It was not until the first day of trial that this earlier plea was challenged upon discovery that the maximum sentence was different than that represented to him at the time the plea was taken. Like in *Davidson,* the defendant intended to do what he believed to be a criminal act and what would have been criminal if the facts had been as he perceived them.

This court in *State v. Hunter,* 29 Wn. App. 218, 221, 627 P.2d 1339 (1981) indicated that confinement pursuant to a felony conviction is an essential element of attempted first degree escape. However, *Hunter* did not say that in an attempted first degree escape conviction the confinement must be pursuant to a *valid* felony conviction, nor should that inference be drawn therefrom. There, the defendant was challenging the sufficiency of the evidence identifying him as the defendant named in the certified copies of the judgment and sentence. No claim was made that the underlying conviction was invalid.

We hold that defendant in this prosecution for attempted first degree escape may not challenge the validity of his guilty plea to the charge for which he was confined.

### SUFFICIENCY OF THE EVIDENCE

The test for determining the sufficiency of evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn therefrom. *State v. Gear,* 30 Wn. App. 307, 633 P.2d 930 (1981).

The relief jailer testified someone came at him with a steel bar or slat. This frightened him. Inmates identified defendant as the assailant. Whether the object was a weapon or instrument or thing likely to produce bodily harm is a question of fact. *State v. Brakes,* 1 Wn. App. 987, 465 P.2d 683 (1970). The bar was before the jury.

Testimony indicated Coble threw coffee in the jailer's face and defendant chased him with a bar. The two were later seen removing clothes from underneath their prison coveralls. Defendant was overheard telling Coble that they "blew" the escape, and later told an inmate "they wouldn't stop [him] next time." Coble was confined pursuant to a felony conviction and the defendant's guilty plea was before the jury. Furthermore, the jury's unchallenged instructions permitted a finding of guilty as a principal or as an aider.

A rational trier of fact could on this evidence have found beyond a reasonable doubt the essential elements of the crimes of assault and attempted escape in the first degree.

The judgment is affirmed.

REED, C.J., and WORSWICK, J., concur.