[No. 40858-5-I.   Division One.   September 8, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. ALONZO MARIO GUTTIERREZ, *Appellant*.

___

[25]RAP 10.3(f).

*David B. Koch* and *Kelly V. Curtin* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Foerschler, Deputy*, for respondent.

BECKER, J. — An information charging one count of delivery charges only one offense, even if it alleges one type of sentencing enhancement and is later amended to allege a different type of sentencing enhancement. Such an amendment does not create a "related offense" as that term is used in Superior Court Criminal Rule 4.3A(b)(3) and therefore does not invoke the State's obligation under that rule to try related offenses together.

On February 22, 1996, the State charged appellant Guttierrez by information with delivery of a controlled substance, alleging delivery of cocaine to an undercover police officer. The information alleged that the delivery occurred within 1,000 feet of school grounds. Such proximity to a school increases the penalty imposed for drug delivery.[1] Trial was scheduled for August 1, 1996.

On July 24, during defense interviews of police witnesses, it became clear that the alleged place of delivery was more than 1,000 feet from school grounds. The prosecutor immediately informed defense counsel that the State would seek to amend the information to allege the delivery occurred within 1,000 feet of a school bus route stop, which also results in an enhanced sentence.[2]

On July 31, 1996, the State brought its pretrial motion to amend. The trial court denied the motion as untimely. The case went to trial on the delivery charge with no allegation of facts that would provide for an enhanced sentence. The jury could not reach a verdict and the court declared a mistrial. The prosecutor notified the defense that the State would seek a retrial and would again seek to amend the information to allege the school bus stop enhancement. Before the second trial, the trial court allowed the State to

[1]RCW 69.50.435.

[2]Id.

amend the information to allege the school bus stop enhancement. A jury convicted Guttierrez, and returned a special verdict finding the delivery occurred within 1,000 feet of a school bus route stop. The court sentenced Guttierrez within the standard range, and added extra months based on the special finding. Guttierrez appeals, assigning error to the court's decision to permit the amendment.

██ ██ Criminal Rule 2.1(d) provides that a trial court may permit the State to amend an information at any time before a jury reaches a verdict "if substantial rights of the defendant are not prejudiced." The defendant has the burden of showing prejudice.[3] A trial court's decision to allow amendment is reviewed for abuse of discretion.[4]

In arguing the motion to amend before the trial court, the parties focused on CrR 4.3A(b)(3), permitting a defendant already tried on one offense to obtain dismissal of a related offense. The rule provides:

> A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

The rule is intended to prevent the State from harassing criminal defendants by bringing successive prosecutions based on the same criminal episode, or from reserving some charges as a means of hedging against the risk of an

---

[3]*State v. Gosser,* 33 Wn. App. 428, 435, 656 P.2d 514 (1982).

[4]*State v. Haner,* 95 Wn.2d 858, 864, 631 P.2d 381 (1981).

unsympathetic jury.[5] By its terms, the rule applies only when the State tries to prosecute a "related offense."

■ The parties and the court below proceeded on the assumption that the sentence enhancement should be considered an offense under the rule. We can examine that assumption even though it was not challenged in the trial court. A reviewing court will generally affirm the decision of the trial court upon any ground supported by the record, even if it is not the ground utilized by the trial court.[6] There is no factual dispute in this case, and the issue presents a purely legal question that has been adequately briefed on appeal.

■ The theory advanced by Guttierrez is that delivery within 1,000 feet of a school is one offense, while delivery within 1,000 feet of a school bus stop is a different offense. The bus stop enhancement is an "offense" within the meaning of CrR 4.3A(b)(3), he contends, because it must be proven beyond a reasonable doubt.[7] As a matter of deductive logic, this argument is weak. Every element of every offense must be proven beyond a reasonable doubt. But not every fact that must be proven beyond a reasonable doubt is necessarily an offense or an element of an offense.

■ The argument is also weak as an exercise of inductive logic. The sentence enhancement lacks characteristics associated with a criminal offense. It is not assigned a seriousness level for purposes of sentencing in RCW 9.94A.320. It is not classified, as most offenses are, into Class A, B or C felonies or levels of misdemeanor.[8] Being within 1,000 feet of a school bus stop is not, by itself, enough to support a criminal charge or punishment. In

[5]*See State v. Lee*, 132 Wn.2d 498, 939 P.2d 1223 (1997) (discussing same rule formerly designated CrR 4.3(c)).

[6]*State v. Carroll*, 81 Wn.2d 95, 101, 500 P.2d 115 (1972). *See also State v. Grundy*, 25 Wn. App. 411, 416, 607 P.2d 1235 (1980).

[7]*State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980) (deadly weapon enhancement must be proved beyond a reasonable doubt).

[8]*See* RCW 9A.20.010.

short, it is not an offense. It is only a fact which, in conjunction with proof of delivery, results in an enhanced sentence.

The only offense charged here was delivery. Because adding an enhancement allegation does not charge a "related offense," CrR 4.3A(b)(3) does not apply. Like the trial court, but for a different reason, we conclude that CrR 4.3A(b)(3) did not preclude the State from amending the information to allege delivery within 1,000 feet of a school bus route stop. Guttierrez made no showing that his rights were otherwise prejudiced by the amendment. Therefore, the second trial court did not err in allowing the amendment.

Guttierrez also argues that the first trial court's ruling refusing permission to amend the information became the law of the case, and was binding on the second trial court. The law of the case doctrine may give binding effect to a prior appellate ruling or jury instructions given without objection.[9] It has no application in the present case.

Affirmed.

AGID, A.C.J., and GROSSE, J., concur.

---

[9]*See Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992).