# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49104-4-II |
| Respondent, | |
| v. | |
| CYRUS NELSON PLUSH II, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Cyrus Nelson Plush, II appeals his conviction and sentence for failure to register as a sex offender. Plush contends the trial court erred by granting the State's motion to amend the information, the prosecutor committed prosecutorial misconduct during her closing remarks, and at sentencing the State failed to provide proof of Plush's prior offenses. We affirm Plush's conviction but remand for resentencing.

## FACTS

Plush's 1992 felony sex conviction required him to register as a sex offender. RCW 9A.44.130(1)(a).

Plush last registered on January 14, 2016 at an apartment in Aberdeen, Washington. Plush lived there from May to November 2015. The apartment manager posted a three-day eviction notice on the apartment door in November 2015 because at that point the manager had not seen Plush "in over a month and he was late on his rent." Report of Proceedings (RP) (May 5, 2016) at 49. A new tenant began renting the apartment in December 2015.

On January 24, 2016, Aberdeen Police Officer Jon Hudson went to Plush's registered address to verify Plush's residence. The new tenant confirmed Plush did not live there. On February 3, 2016 Aberdeen Detective Jeffrey Weiss located Plush and notified him that he was required to register a change of address within 72 hours. Weiss checked and by February 12 Plush had not registered a new address.

On February 29 the State charged Plush with one count of failure to register as a sex offender between "November 5, 2015, and ending November 12, 2015." Clerk's Papers (CP) at 1. The declaration for an order for a warrant of arrest, filed with the information, detailed Plush's recent incarcerations and his residency at the Wishkah address, and stated "On February 9, 2016, . . . Weiss . . . was advised that the Defendant had not made any contact with . . . the Grays Harbor County Sheriffs Department" and "[o]n February 12, 2016, Detective Weiss checked the Spillman data base and saw the Defendant was still listed at his old registered address." CP at 5.

Plush filed a motion to dismiss, arguing that he was in custody between November 5 and November 12, 2015 and, therefore, was not required to register. The State then filed a motion to file an amended information. The trial court denied Plush's motion to dismiss because the State set a motion to amend the information dates to be heard on a specific date. At the hearing, the trial court granted the State's motion to amend the information, because "the dates now referred to in the amended information . . . were included in the original affidavit for probable cause." RP (Apr. 25, 2016) at 4. Plush filed a motion to reconsider that the trial court denied. The State's amended information alleged Plush failed to register between January 18 and February 26, 2016.

The matter proceeded to trial. Dennis Lusby, a Grays Harbor County Sheriff's Office corrections lieutenant who is responsible for bookings, testified that Plush was in custody from November 6, 2015 to January 15, 2016 and February 4, 2016 to February 22, 2016 on unrelated

charges and from "February 26th, 2016"[1] until the date of trial on the current failure to register charge. RP (May 5, 2016) at 94.

During her closing remarks, the prosecutor stated, "the State's allegation . . . is that the defendant failed to register from January 18th until February 26th. Now, the State doesn't need to prove that entire time . . . just that he failed to register some period of time in there that was more than three days."[2] RP (May 5, 2016) at 112. The prosecutor continued by arguing there were "two times frames" one of them was "from January 18th, 2016 until February 4th, 2016" and the other was "from February 22nd when he was released . . . until February 25th when he was picked up again." RP (May 5, 2016) at 113. There was no objection to these comments.

The jury found Plush guilty. During sentencing, the State offered a statement of Plush's extensive criminal history. Plush did not object. The sentencing court questioned the prosecutor about whether the correct county was listed for one of the prior convictions. The prosecutor stated that the wrong county was listed and stated, "[T]he cause number is correct, it's just the wrong county. I have the Judgment and Sentence with me today." RP (June 3, 2016) at 17.

The sentencing court calculated Plush's offender score at 14 and imposed a standard range sentence. Plush got frustrated because the trial court would not hear his arguments regarding entrapment and false imprisonment. Plush stated, "This is f***ing crazy" and refused to sign the judgment and sentence. RP (June 3, 2016) at 22. He appeals.

---

[1] Lusby later testified "on 2/25 Plush was taken into custody for new failing to register charges." RP (May 5, 2016) at 96. Since Lusby's earlier testimony regarding "February 26th" is referring to the date on a computer printout of inmate bookings and since Lusby includes the exact time Plush was taken into custody on February 26 ("09:15"), we use February 26, 2016 as the date Plush was re-incarcerated. RP (May 5, 2016) at 94.

[2] Under RCW 9A.44.130(4)(a)(i), offenders have three business day from the time of release from custody to register. We take judicial notice that February 22, 2016 was on a Monday.

ANALYSIS

I.    AMENDMENT OF INFORMATION

Plush first contends the trial court erred by granting the State's motion to amend the information. We disagree.

We review a trial court's ruling on a motion to amend an information for abuse of discretion. *State v. Schaffer*, 120 Wn.2d 616, 621-22, 845 P.2d 281 (1993). A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds or for untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007). A defendant has the constitutional right to be notified of the nature of the charges against him. WASH. CONST. art I, § 22. A trial court may permit the State to amend the information at any time before verdict or finding if the defendant's substantial rights are not prejudiced. CrR 2.1(d). The burden is on the defendant to show prejudice. *State v. Gosser*, 33 Wn. App. 428, 435, 656 P.2d 514 (1982).

Here, Plush was in and out of custody several times as set forth in the declaration of probable cause filed with the original information. The trial court allowed the State to amend the information after it became aware that Plush was incarcerated on the dates originally alleged. Plush argues the timing of the State's motion prejudiced him "because he was forced to choose between his right to a speedy trial or being adequately prepared for trial." Br. of Appellant at 8. However, as the trial court stated, the dates were alleged in the declaration of probable cause. An amendment changing the charging dates "[m]oments before the trial court made its ruling" is permissible if it does not prejudice the defense. *State v. Downing*, 122 Wn. App. 185, 193-94, 93 P.3d 900 (2004). Plush fails to show that if he had additional time the trial outcome would have been different. The trial court did not err in granting the State's motion to amend the information.

II.     PROSECUTORIAL MISCONDUCT

Plush next contends the prosecutor committed misconduct by arguing facts not in evidence during her closing remarks. We disagree.

To establish prosecutorial misconduct, a defendant bears the burden of proving the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). Where, as here, a defendant fails to object to alleged prosecutorial misconduct, he is deemed to have waived any error unless he shows the misconduct "was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). To meet this heightened standard, the defendant must show that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" *Emery,* 174 Wn.2d at 761 (quoting *Thorgerson*, 172 Wn.2d at 455).

During the prosecutor's closing remarks, she stated, "the State's allegation . . . is that the defendant failed to register from January 18th until February 26th. Now, the State doesn't need to prove that entire time . . . just that he failed to register some period of time in there that was more than three days." RP (May 5, 2016) at 112. The prosecutor continued by arguing there were "two times frames" one of them was "from January 18th, 2016 until February 4th, 2016" and the other was "from February 22nd when he was released . . . until February 25th when he was picked up again." RP (May 5, 2016) at 113. Plush did not object to these comments.

Plush contends these comments are improper because "it is impossible to determine if he did in fact fail to register for three business days . . . after his release from jail on February 22, 2016." Br. of Appellant at 14. However, Lusby testified that Plush was in custody on November 6, 2015 to January 15, 2016; February 4, 2016 to February 22, 2016; and "February 26th, 2016"

until the date of trial. RP (May 5, 2016) at 94. While the prosecutor stated February 25 instead of February 26, the facts in the record show February 26 was the day Plush was re-incarcerated. Plush fails to show that a curative instruction addressing the misstatement would not have obviated any prejudicial effect. Moreover, he fails to show that the comment resulted in prejudice that had a substantial likelihood of affecting the jury verdict since the prosecutor initially stated that Plush failed to register from January 18 until February 26 and that the State only needed to show that he failed to register some period of time that was more than three days. Thus, the prosecutor's remarks were unlikely to have affected the jury's verdict in light of the other incriminating evidence. Plush's prosecutorial misconduct claim fails.

III.     OFFENDER SCORE

Plush next contends the State failed to prove any prior convictions by a preponderance of the evidence. We agree.

A defendant's offender score is generally calculated by adding together the defendant's current offenses and prior convictions. *State v. Hunley*, 175 Wn.2d 901, 908-09, 287 P.3d 584 (2012). At sentencing, the State must prove any prior convictions by a preponderance of the evidence and must "introduce 'evidence of some kind to support the alleged criminal history.'" RCW 9.94A.500(1); *Hunley*, 175 Wn.2d at 910 (quoting *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999)). "'The best evidence of a prior conviction is a certified copy of the judgment'", but the State may offer "'other comparable documents of record or transcripts of prior proceedings to establish criminal history.'" *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 566, 243 P.3d 540 (2010) (quoting *Ford*, 137 Wn.2d at 480)). "[The] burden is 'not overly difficult to meet' and may be satisfied by evidence that bears some 'minimum indicia of reliability.'" *Adolph*, 170 Wn.2d at 569 (quoting *Ford*, 137 Wn.2d at 480-81). The State is relieved of its burden only if the defendant

"*affirmative*[*ly*] acknowledge[es]" the "*facts and information*" the State introduces regarding criminal history. *State v. Mendoza*, 165 Wn.2d 913, 928, 205 P.3d 113 (2009), *disapproved of on other grounds by State v. Jones*, 182 Wn.2d 1, 338 P.3d 278 (2014).

During sentencing, the State offered a statement of Plush's extensive criminal history. The sentencing court questioned the prosecutor about whether the correct county was listed for one of the prior convictions and the prosecutor acknowledged the error and stated, "[T]he cause number is correct, it's just the wrong county. I have the Judgment and Sentence with me today." RP (June 3, 2016) at 17. Based on our record there is no indication that the prosecutor provided the court with all the additional judgments to support Plush's other prior convictions. Moreover, our record does not show that Plush affirmatively acknowledged the facts and information that the State introduced. To the contrary, Plush refused to sign the judgment and sentence.

Because the State failed to introduce evidence to support the alleged criminal history and because Plush did not affirmatively acknowledge his criminal history, we conclude that Plush is entitled to a new sentencing hearing to allow both parties to present relevant evidence regarding Plush's criminal history under RCW 9.94A.530(2).[3] If the State fails to carry its burden, the court must amend Plush's offender score and resentence him using the correct offender score and standard range.

IV.    APPELLATE COSTS

Plush asks that this court decline to impose appellate costs if the State prevails on appeal. Because there is no substantially prevailing party on review, we deny appellate costs.

---

[3] RCW 9.94A.530(2) states: "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented."

We affirm the conviction but remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur;

_____
Johanson, J.

_____
Maxa, A.C.J.