IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34805-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DENNIS GERALD LOWE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Dennis Lowe appeals his conviction for second degree taking a motor vehicle without permission. We affirm.

FACTS

The State initially charged Mr. Lowe with one count of possession of a stolen motor vehicle. It later amended the charge to include a second count of second degree taking a motor vehicle without permission. During a pretrial hearing that took place prior to amendment, the trial court raised concerns about the nature of the State's charge. The following colloquy ensued:

> Judge: Alright. I do have one comment, okay? You—I'm looking at your proposed jury instructions. You've alleged that Mr. Lowe was in possession of this motor vehicle. He was a passenger [inaudible]—. I'm not sure passengers are people who possess motor vehicles.
> [Prosecutor]: It's under the accomplice—principal accomplice—
> Judge: You didn't—your instructions don't include anything about accomplices.

> [Prosecutor]: I would—I would change that.
> Judge: So, I—I, you know, just as an editorial comment, this is really a riding in a motor vehicle knowing it's stolen. This is what it really is. But,—and we'll see where we are at the closing of the State's case—
> [Prosecutor]: Sure.
> Judge: —whether this case survives the half-time motion or not, so.

Report of Proceedings (Aug. 24, 2016) at 37. Later that day, the State filed an amended information adding the second count. When the court asked defense counsel for their response to the additional charge, defense counsel waived "formal arraignment, formal reading, and enter[ed] a plea of not guilty," and made no objection to the State's filing. *Id.* at 39.

Trial began the following day. The jury found Mr. Lowe guilty of second degree taking a motor vehicle without permission and not guilty of possession of a stolen motor vehicle. Mr. Lowe appeals.

## ANALYSIS[1]

CrR 2.1(d) allows an information to be amended any time before a verdict or finding if the defendant's substantial rights are not prejudiced. So long as the State does not wait until after the closing of its case in chief to file for amendment, a defendant

---

[1] Mr. Lowe's arguments are presented through a statement of additional grounds, filed under RAP 10.10. The issues briefed by Mr. Lowe's attorney have been resolved by agreement with the State.

challenging an amendment must show prejudice. *State v. Schaffer*, 120 Wn.2d 616, 621, 845 P.2d 281 (1993). CrR 2.1(d)'s protection against prejudicial amendment fulfills the constitutional protection of notice guaranteed by article I, section 22 of the Washington Constitution. *Id.*

Because the State filed its amended information the day before trial, Mr. Lowe is obliged to show prejudice. He has failed to do so. The State's amended information was factually and legally similar to the original charge. *Id.* (The greater the similarity between the amended information and original charge, the less risk there is of prejudice.). At the time of filing, counsel did not object or request a continuance. *State v. Gosser*, 33 Wn. App. 428, 435, 656 P.2d 514 (1982) (Failure to request a continuance "is persuasive of lack of surprise and prejudice."). Mr. Lowe simply has not demonstrated how his trial strategy would have changed had he been given more notice of the amended charge.

Nor has Mr. Lowe established that the manner in which charges were amended deprived him of his constitutional right to a fair tribunal. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004) (A party alleging misconduct bears the burden of establishing misconduct.). A judge does not improperly assume a dual role of accuser and adjudicator simply by warning a prosecutor about the weakness of the State's case. *Cf. Williams v. Pennsylvania*, __ U.S. __, 136 S. Ct. 1899, 1905, 195 L. Ed. 2d 132

No. 34805-9-III
*State v. Lowe*

(2016) (due process violation when the judge previously had a significant, personal involvement as a prosecutor in the defendant's case); *In re Murchison*, 349 U.S. 133, 139, 75 S. Ct. 623, 99 L. Ed. 942 (1955) (due process violation when judge previously served as one-man grand jury). That is all that happened here. The trial judge did not act as a prosecutor and did not direct the State to seek an amended information. There was no due process violation.

### CONCLUSION

The judgment of conviction is affirmed. Mr. Lowe asks that we not award appellate costs. In accordance with RAP 14.2, we defer the question of appellate costs to our commissioner or clerk/administrator.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                              Fearing, J.

4