# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | DIVISION ONE |
| Respondent, | No. 76651-1-I |
| v. | UNPUBLISHED OPINION |
| RONNIE MOORE, JR., | |
| Appellant. | FILED: November 13, 2018 |

2018 NOV 13 AM 11:36

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

DWYER, J. — Ronnie Moore, Jr. appeals from his conviction of the felony crime of a violation of the Uniform Controlled Substances Act[1] (VUCSA) for the possession of cocaine. On appeal, Moore contends that he was unfairly prejudiced by the trial court's ruling permitting the State to amend the information so that it charged him with possession of cocaine instead of with possession of heroin. Because Moore does not establish that he was prejudiced by the amendment, we affirm.

I

Moore was charged with assault in the third degree, attempting to elude a pursuing police vehicle, and VUCSA, based on an alleged possession of heroin. On the first day of trial, after the initial charges were read to the jury, the State moved to amend the information to change the drug alleged to have been

---

[1] Ch. 69.50 RCW.

possessed from heroin to cocaine.[2] The State sought the amendment because the prosecutor, who previously believed that both heroin and cocaine found on Moore had been tested, discovered that the lab report showed that only the cocaine found on Moore had been tested. The State explained that it had had access to the report before trial and had provided the report to defense counsel as part of discovery, but did not notice the lab's error until the first day of trial.

Moore objected to the amendment and asked the court to recess so that full research and briefing could be prepared on the issue. Following briefing and oral argument, the trial court allowed the amendment. The trial court both rejected Moore's argument that the amendment substantially prejudiced Moore's rights and denied Moore's motion for a mistrial. However, the court did give the following curative instruction to the jury:

> The court has been informed that one of the charges against Mr. Moore is Violation of the Controlled – Uniformed Controlled Substances Act, Possession of Heroin. The Information now charges Mr. Moore with Violation of the Uniformed Controlled Substances Act, Possession of Cocaine instead. You're instructed to disregard any remarks made by the Court or the parties pertaining to heroin.

Following the close of the State's case, Moore successfully moved to dismiss the charges in counts one and two of the amended information premised upon the State's failure to adduce sufficient evidence to support a conviction on either count. The jury found Moore guilty of the VUCSA charge. Moore appeals.

---

[2] The State had previously amended the information concerning a separate charge prior to trial. The State requested a second amendment to modify the VUCSA possession charge.

II

Moore first contends that the trial court abused its discretion by permitting the State to amend the information on the first day of trial because such amendment was prejudicial to Moore's substantial rights in violation of the applicable court criminal rule. In response, the State asserts that the trial court did not abuse its discretion because the amendment was not prejudicial to Moore. The State is correct.

We review a trial court's determination as to whether an amendment to an information prejudiced the defendant for an abuse of discretion. State v. Schaffer, 120 Wn.2d 616, 621-22, 845 P.2d 281 (1993). The defendant bears the burden of showing that an amendment was prejudicial. State v. Gosser, 33 Wn. App. 428, 435, 656 P.2d 514 (1982).

"In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him." CONST. art. I, § 22 (amend. 10). The purpose of this constitutional right is to provide defendants with sufficient notice of the charge or charges against them so they are not prejudiced in preparing their defense. State v. Pelkey, 109 Wn.2d 484, 490-91, 745 P.2d 854 (1987). However, CrR 2.1(d) provides that "[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced."

To reconcile any apparent conflict between the constitutional requirement and CrR 2.1(d), our Supreme Court has set forth two separate tests for determining whether a mid-trial amendment to the information is prejudicial to a

- 3 -

defendant's substantial rights. Amendments to an information are per se prejudicial if made subsequent to the close of the State's case "unless the amendment is to a lesser degree of the same charge or a lesser included offense." Pelkey, 109 Wn.2d at 491. If, however, an amendment is made prior to the close of the State's case, the trial judge must evaluate all of the pertinent facts of the case to determine whether the defendant's substantial rights would be prejudiced by the amendment. Schaffer, 120 Wn.2d at 621. In determining whether a defendant would be prejudiced, courts have considered whether the amendment merely charges a different manner of committing the crime originally charged,[3] whether the amendment charges a lower degree of the original crime charged,[4] whether the defendant was aware that the State might pursue the alternative theory and whether such theory arose from the same factual circumstances as the original charge,[5] and whether the defendant "had any defense to the amended charge . . . that was not available as a defense to the prior charge."[6] Additionally, "[w]here the defendant fails to ask for a continuance, there is presumed to be a lack of surprise and prejudice." State v. Schaffer, 63 Wn. App. 761, 767, 822 P.2d 292 (1991), aff'd, 120 Wn.2d 616, 845 P.2d 281 (1993).

---

[3] Gosser, 33 Wn. App. at 434-35 (holding no prejudice shown where amended information changed an assault with intent to commit a felony of first degree escape charge to an assault with a weapon or other instrument likely to produce bodily harm charge).

[4] State v. Brown, 74 Wn.2d 799, 801, 447 P.2d 82 (1968) (holding no prejudice shown where amended information charged a lower degree of assault than did the original information).

[5] Schaffer, 120 Wn.2d at 622 (holding no prejudice shown where "the new theory presented in the amended information arose out of the same general factual circumstance [as the original charge]. Also . . . [the defendant] had the opportunity to cross-examine the key witness . . . with full knowledge of the proposed amendment").

[6] State v. Davis, 64 Wn. App. 511, 518, 827 P.2d 298 (1992), rev'd on other grounds, 121 Wn.2d 1, 846 P.2d 527 (1993).

Here, the State sought an amendment to the information well prior to the close of the State's case.[7] The amendment did not change which crime was charged, a VUCSA for possession, but, rather, altered only the manner of its commitment, possession of cocaine instead of possession of heroin. Moore cannot claim to be surprised by the State's amendment because he was allegedly found in possession of both cocaine and heroin, and had well earlier been provided the lab report stating that only the cocaine found on Moore had been tested. Moore's defense to the original charge was a general denial. The nature of that defense was unchanged by the amendment. Furthermore, Moore did not request a continuance when the amendment was permitted. Thus we presume that the amendment was neither prejudicial nor a surprise to Moore.[8]

Moore nevertheless contends that the amendment was prejudicial because it eliminated his opportunity to plead guilty to the VUCSA charge prior to trial. This contention is unpersuasive. Nothing in the record shows that Moore would have sought or accepted such a plea deal or that any such plea deal would have been a better outcome than the results of trial. Indeed, at trial two of

---

[7] In its ruling permitting the amendment, the trial court explained that:
> In this case, the jurors have not heard the opening arguments or any witnesses' testimony. The only part that they've heard was part of the court's jury script, for lack of a better word, where the counts were give[n] from the First Amended Information from the State. Count three was read as it is in the Information and referred to heroin as the substance that was possessed under that charge.

[8] Moore misidentifies a request for a recess to prepare briefing on whether the trial court should permit the amendment as a request for a continuance to further prepare for trial. The record is clear that no continuance was sought by defense counsel following the court's ruling permitting the State to amend the information. Instead, Moore's counsel requested that the jury be given a curative instruction regarding the amendment. The trial court provided such an instruction.

the three counts charged were dismissed. Nothing in the record indicates that Moore could have received a better outcome through plea bargaining and Moore does not assert that he could have obtained such a deal.[9] Moore's assertion here that he might have wanted to reach a plea deal is entirely speculative and is unsupported by the record. Moreover, if Moore needed more time to evaluate the amended charge and reconsider his defense strategy, the proper course would have been to seek a continuance. See Schaffer, 63 Wn. App. at 767. The trial court did not abuse its discretion by permitting the State to amend the information.

III

Moore next contends that the trial court erred when it did not dismiss the charges against Moore pursuant to CrR 8.3(b). This is so, Moore asserts, because he was prejudiced by the State's mismanagement of the case. We disagree.

We review a trial court denial of a motion to dismiss charges pursuant to CrR 8.3(b) under the manifest abuse of discretion standard. State v. Michielli, 132 Wn.2d 229, 240, 937 P.2d 587 (1997). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

---

[9] The record indicates only that the State made plea offers to Moore, including one that dropped the VUCSA count entirely, but Moore refused to accept them.

CrR 8.3(b) states that "[t]he court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." This is an extraordinary remedy. Blackwell, 120 Wn.2d at 830.

"Two things must be shown before a court can require dismissal of charges under CrR 8.3(b). First, a defendant must show arbitrary action or governmental misconduct. . . . The second necessary element . . . is prejudice affecting the defendant's right to a fair trial." Michielli, 132 Wn.2d at 239-40. The governmental misconduct "need not be of an evil or dishonest nature; simple mismanagement is sufficient." Blackwell, 120 Wn.2d at 831. To show prejudice affecting the right to a fair trial, the defendant must show that the State's governmental misconduct interfered with the defendant's right to a speedy trial or the right to be represented by counsel whom had sufficient opportunity to adequately prepare a defense for trial. Michielli, 132 Wn.2d at 240 (citing State v. Price, 94 Wn.2d 810, 814, 620 P.2d 994 (1980)). Governmental misconduct "cannot force a defendant to choose between these rights." Price, 94 Wn.2d at 814.

Here, Moore asserts that governmental misconduct denied Moore the opportunity for negotiating a plea bargain and that the misconduct changed his trial strategy regarding the non-drug possession offenses with which he was charged. Neither of these assertions satisfies the prejudice standard of CrR 8.3(b). Moore's assertion that his trial strategy for the non-drug offenses was

negatively impacted by misconduct is patently meritless, as both charges were dismissed at the end of the State's case. Moore's assertion that he lost an opportunity to negotiate a plea bargain is similarly meritless for the reasons discussed above. Furthermore, the failure to negotiate a plea deal did not prejudice Moore's right to a speedy trial nor did it require his trial counsel proceed in the absence of proper preparation. The trial court did not abuse its discretion by denying Moore's request for dismissal pursuant to CrR 8.3(b).

Affirmed.

_Dwyer, J._

We concur:

_Andrus, J._

_Schindler, J._