[No. 4452–II.   Division Two.   May 5, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. DALLAS
ELMER HUNTER, *Appellant.*

*James E. Warme,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Randy Furman, Chief Deputy,* for respondent.

REED, C.J.—Defendant Dallas E. Hunter appeals his conviction for attempted first degree escape. We affirm.

On September 16, 1979, defendant was being detained in the Cowlitz County jail while awaiting transfer back to a state penal institution. His transfer had been ordered as a result of a decision 10 days earlier to revoke his participation in a work release program for breaching the conditions of the program. Defendant's initial incarceration stemmed from his conviction a year earlier for taking a motor vehicle without permission (RCW 9A.56.070) and first degree escape (RCW 9A.76.110), for which he was sentenced to a maximum of 10 years in prison. Sometime during the day of September 16, one or more of the county jail inmates removed a grate covering a ventilation duct in the dayroom occupied intermittently by defendant and several other inmates. That evening, one of the inmates informed jail officers of the attempt by other inmates to escape through the vent. During subsequent interviews with the officers, several inmates implicated defendant as one who had climbed into the vent for the purpose of escaping from jail.

Defendant was charged with attempted first degree escape. RCW 9A.76.110; RCW 9A.28.020. Following a jury trial, he was found guilty and sentenced to a maximum of 5 years in prison. He appeals his conviction.

Defendant first assigns error to certain statements the prosecutor made during his opening remarks. In trying to explain to the jury the procedure of the trial, the prosecutor stated:

> You all received the little gray pamphlets from the clerk that talks about the trial and the Court spent a few moments with you discussing it and I think we are basically aware that the State starts, and if the defense has anything to add they can comment, and the State then sums up at the end.
>
> . . .
>
> At the conclusion of all of this, and any defense case

that the defense may decide to put on, although they are not required to, but they may, we are then going to have instructions and arguments, . . .

Defendant argues that these remarks impermissibly interfered with his constitutional right to remain silent. U.S. Const. amend. 5. We disagree.

The prosecutor is prohibited from commenting on an accused's exercise of his right to remain silent. *Griffin v. California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965). The test employed to determine whether defendant's Fifth Amendment right has been violated is whether language used by the prosecutor was manifestly intended as, or was of such character that a jury would naturally and necessarily assume the statement to be a comment on the accused's right. *State v. Crawford,* 21 Wn. App. 146, 584 P.2d 442 (1978); *State v. Bennett,* 20 Wn. App. 783, 582 P.2d 569 (1978). We must view this claimed error in light of the surrounding circumstances. *State v. Scott,* 93 Wn.2d 7, 604 P.2d 943 (1980). Here it is obvious that the prosecutor's first remark merely was made to explain the order in which the parties would proceed at trial. His second remark presents a somewhat different question. While we do not necessarily approve of the language used (*see Scott,* 93 Wn.2d at 13–14), the statements, standing alone, were so subtle and so brief that they did not "naturally and necessarily" emphasize defendant's right to remain silent during the trial. *Crawford,* 21 Wn. App. at 152. There is nothing in the record to indicate the prosecutor *manifestly intended* his remark as a comment on that right.

Next, defendant assigns error to the trial court's instruction to the jury regarding the testimony of an accomplice. He argues that the instruction failed to caution the jury sufficiently about the reliability of such testimony. We find this argument to be completely without merit. The instruction given was taken verbatim from WPIC 6.05 and fully satisfies the requirement that a jury be cautioned in cases where the prosecution relies upon the testimony of an accomplice. *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731

(1974).

Defendant also assigns error to the sufficiency of the evidence the State introduced to prove that he was being detained in the county jail pursuant to a felony conviction, an essential element of attempted first degree escape. *See* RCW 9A.76.110. At trial the State introduced certified copies (*see* RCW 5.44.010) of two Lewis County judgments and sentences, which showed the felony convictions of a person named Dallas E. Hunter. Additionally, the State presented the testimony of Alan Shaw, a probation and parole officer for the state adult parole division and supervisor of the Longview work training release facility. He identified defendant as a former resident of the work release facility who had been transferred there from a state correctional institution following his Lewis County felony convictions.[1] Shaw further testified that defendant's work release status had been revoked on September 6, 1979.[2] Defendant was being temporarily incarcerated in the Cowlitz County jail awaiting transfer back to a state institution on the date he attempted his escape.

Where a former judgment is an element of the substantive crime being charged, identity of names alone is not sufficient proof of the identity of a person to warrant the court in submitting to the jury a prior judgment of conviction. It must be shown by independent evidence that the person whose former conviction is proved is the defendant in the present action. *State v. Harkness,* 1 Wn.2d 530, 96 P.2d 460 (1939); *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978). *See State v. Clark,* 18 Wn. App. 831, 832 n.1, 572 P.2d 734 (1977). We hold that Shaw's testimony

---

[1] We note that under the provisions of RCW 72.65, entitled "Work Release Program," *all* participants in the program have been "convicted of a felony and sentenced by the superior court to a term of confinement and treatment in a state correctional institution under the jurisdiction of the [Department of Social and Health Services]." RCW 72.65.010(4).

[2] The State introduced into evidence the original order terminating defendant's work release status and directing that he be returned to a state correctional facility.

wás sufficient independent evidence to establish a prima facie case that defendant was the same Dallas E. Hunter as named in the certified judgments and sentences. After the State introduced this evidence, the burden was on defendant to come forward with evidence casting doubt on the identity of the person named in the documents. *State v. Brezillac, supra.*

Defendant next contends that the trial court erred by giving the following instruction:

> If the conduct of a person constitutes an attempt to commit a crime, it is no defense to a prosecution of such an attempt that under the circumstances escape was factually or legally impossible.

While defendant is correct that in a case where the completed act does not constitute a crime, an attempt to complete that act likewise does not constitute a crime, we are not faced with that situation. Here the completed act with which defendant was charged with having attempted constituted the crime of first degree escape. RCW 9A.76.110. Consequently, his attempt also constituted a crime, making the defense of legal impossibility unavailable in this case. RCW 9A.28.020(2); *State v. Davidson,* 20 Wn. App. 893, 584 P.2d 401 (1978). In any event, the court's instruction No. 9 required the jury to find that each element of the attempted crime was proved beyond a reasonable doubt. This instruction ensured that defendant would not be convicted unless he was found to have engaged in conduct which constituted a crime. We find no error in giving this instruction.

Finally, defendant argues that he was not provided with effective assistance of counsel at trial. U.S. Const. amend. 6. He cites as examples of this alleged ineffectiveness his trial counsel's failure to object to the prosecutor's opening remarks or to either of the instructions to which defendant has assigned error on appeal. We disagree with defendant's evaluation of his trial counsel's performance.

The test used to determine whether a criminal defendant was denied effective assistance of counsel is

whether, after considering the entire record, it can be said that the accused was afforded an effective representation and a fair trial. *State v. Adams,* 91 Wn.2d 86, 89, 586 P.2d 1168 (1978); *State v. King,* 24 Wn. App. 495, 498, 601 P.2d 982 (1979). A defendant is not guaranteed *successful* assistance of counsel. *Adams,* 91 Wn.2d at 90. Here, trial counsel's failure to object to the State's opening remarks was clearly a tactical decision given the context of those remarks. An objection might only have served to focus the jury's attention on defendant's subsequent failure to testify. We believe counsel's failure to object to the challenged instructions is fully understandable, in view of our treatment of defendant's assignments of error directed to the instructions on appeal. Our review of the entire record demonstrates unequivocally that defendant's trial counsel provided him with effective assistance.

Accordingly, we affirm.

PEARSON and PETRIE, JJ., concur.