■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN WAITHE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Richmond County (Owens, J.), rendered November 24, 1982, convicting him of robbery in the first degree under indictment No. 153/82, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Felig, J.), rendered November 4, 1987, convicting him of bail jumping in the first degree under indictment No. 310/87, upon his plea of guilty, and sentencing him to an indeterminate term of 2⅓ to 7 years' imprisonment.

Ordered that the judgment rendered November 24, 1982, is affirmed; and it is further,

Ordered that the judgment rendered November 4, 1987, is modified by reducing the sentence imposed to an indeterminate term of 1⅓ to 4 years' imprisonment; as so modified, the judgment is affirmed.

The trial court did not err in permitting the defendant to be identified as the robber by reference to his arrest photograph. The defendant had absconded and was being tried in absentia. Since this was not an initial identification procedure and because the defendant could not be identified in person at the trial, the use of his photograph was proper (see, People v Seabrooks, 120 AD2d 691). We also note that the prosecutor had complied with the direction by the trial court to remove the numbers and letters "NYCPD" from the photograph.

We find no merit to the defendant's contention that the prosecution failed to prove the crime of robbery in the first degree because it failed to produce evidence that the weapon he utilized was operative or loaded. It was incumbent upon the defendant to affirmatively prove that the weapon was inoperative or unloaded, which he failed to do (see, People v Cotarelo, 71 NY2d 941; People v Proctor, 151 AD2d 788; People v Brown, 108 AD2d 922; see also, Penal Law § 160.15 [4]).

The defendant's contention that the court should have charged the lesser included offense of robbery in the third degree is not preserved for appellate review (see, CPL 470.05 [2]). In any event, there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser crime but not the greater (see, People v Baskerville,

60 NY2d 374; *People v Gray,* 144 AD2d 483; *People v Bynum,* 125 AD2d 207).

Finally, as the People concede, at the time of the crime, bail jumping in the first degree was a class E felony punishable by a term of imprisonment not to exceed 4 years *(see,* Penal Law §§ 215.57, 70.00 [2] [e]; *People v Jones,* 101 AD2d 738). The sentence imposed was clearly outside the then-permissible range. Therefore, we have modified the sentence accordingly *(see, People v Rockwood,* 78 AD2d 845).

We have considered the contentions raised in the defendant's supplemental *pro se* brief and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.