[No. 27216-1-I.   Division One.   July 27, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN JOHN AHLQUIST, *Appellant*.

*Jessica Ryan* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

WEBSTER, A.C.J. — Steven J. Ahlquist appeals his conviction of delivery of a controlled substance, claiming the trial court erred by allowing him to be tried in absentia. Finding no error, we affirm.

## FACTS

In June of 1977, an undercover police officer was contacted by Ahlquist at a Lynnwood tavern where Ahlquist sold the officer a gram of what lab tests later confirmed as phencyclidine. The same officer arrested Ahlquist in August of 1977.

An omnibus hearing was held on January 6, 1978 (an earlier hearing was held but rescheduled since Ahlquist failed to appear), at which time trial was set for February 21, 1978. On February 16, 1978, defense counsel moved to strike the trial date and withdraw as counsel because she had not heard from Ahlquist since approximately January 18, and had been advised by Ahlquist's landlord that he had moved and left no forwarding address. The court refused the motion noting that "the difficulty [had been] created by [Ahlquist]."

On the day of trial, defense counsel renewed the motion arguing that Ahlquist's absence was involuntary. The trial court denied the motion stating:

> [Ahlquist] was aware of the date and time and place of trial [and i]t would appear that he's deliberately chosen not to attend the trial, since he did have knowledge of the date, and there's no satisfactory explanation . . . for his failure to appear . . ..

The court proceeded with the trial in absentia. At trial, the undercover officer who purchased the drugs from Ahlquist used a booking photograph to identify Ahlquist as the person who had sold him the drugs. A records custodian for Snohomish County testified that the photo was a mug shot she had taken out of a "RAP jacket" and that her records indicated it was Ahlquist but that she had neither taken the photo nor knew Ahlquist. The custodian also stated that she was unable to locate records of any other Steven Ahlquist arrested by the sheriff's department. A jury found Ahlquist guilty.

Twelve years later, on January 27, 1990, Ahlquist was returned to Washington for sentencing. At the sentencing hearing, Ahlquist testified that he had left the state prior to trial in order to care for his dying father ("I don't have much of an excuse. But what I did was for the necessity of my family, including my father, whose health wasn't at that time very good"). The sentencing court again ruled that Ahlquist's failure to appear was voluntary ("[i]t appears that it was a voluntary choice on his part and after weighing his

responsibilities so I cannot find, under those circumstances, that he did not appear because of involuntary reasons").

## DISCUSSION

We first decide whether the trial court erred in allowing Ahlquist to be tried in absentia. Ahlquist claims his case must be remanded since his constitutional right to attend his own trial was violated. U.S. Const. amends. 6, 14. He claims trial in his absence denied him a full and fair opportunity to defend against the charge by precluding presentation of his alibi defense.

■ A defendant has a constitutional right to be present in the courtroom at every critical stage of the proceedings against him. *Illinois v. Allen*, 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057 (1970). However, the right is not absolute and may be waived if the defendant voluntarily absents himself. *Taylor v. United States*, 414 U.S. 17, 38 L. Ed. 2d 174, 94 S. Ct. 194 (1973). Trial may be held in absentia when it is clear from "the totality of the circumstances" that a "voluntary" and "intentional relinquishment" of the right to be present at trial has occurred. *State v. Washington*, 34 Wn. App. 410, 413, 661 P.2d 605, *remanded*, 100 Wn.2d 1016 (1983), *rev'd on other grounds on remand*, 36 Wn. App. 792, 677 P.2d 786 (1984); *State v. LaBelle*, 18 Wn. App. 380, 388-89, 568 P.2d 808 (1977). Courts should indulge every reasonable presumption against the waiver of the right. *La-Belle*, at 389.

In determining whether the defendant has waived his right to be present, trial courts should:

(1) [make] sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) [make] a preliminary finding of voluntariness (when justified), and (3) [afford] the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.

*Washington*, at 414. Ahlquist concedes these guidelines were followed, but claims that "[g]iven the nature of the choice . . ., it cannot be said that his absence was voluntary."

Ahlquist's claim is not well taken. As the State points out, the record establishes that Ahlquist was personally present at the omnibus hearing when the trial date was set, his counsel could not provide an explanation for his absence, and when Ahlquist was allowed to explain his absence 12 years later at sentencing, he admitted that his failure to appear was deliberate. The court was justified in finding that Ahlquist "voluntarily" waived his right to be present at trial.

We next decide whether the trial court erred in allowing the use of a photograph to identify Ahlquist at trial. Ahlquist claims his case should be dismissed for failure to prove the essential element of identity since the only evidence tying him to the person in the booking photograph was the name accompanying it ("Steven John Ahlquist"). Ahlquist cites *State v. Hunter*, 29 Wn. App. 218, 221, 627 P.2d 1339 (1981) for the proposition that "identity of names alone is not sufficient proof of the identity of a person".

We disagree. First, *Hunter* is distinguishable. In that case, the defendant claimed the evidence was insufficient to prove he was being detained in the county jail pursuant to a felony conviction (an element of the charged crime of attempted first degree escape). Although the court found that mere identity of names was not sufficient proof of identification, it ultimately held that the testimony of a "parole officer/work release supervisor", who identified the defendant as a former resident of the work release facility, was sufficient independent evidence to establish the defendant as the same person named in the certified judgments and sentences. *Hunter*, at 221-22.

Second, the State is correct in claiming that identification can be accomplished, in a trial in absentia, by the arresting officer identifying the person in a photograph as the same person that was arrested. *People v. Johnston*, 160 Ill. App. 3d 536, 513 N.E.2d 528, 532 (in trial in absentia, court held that arresting officer's identification of person in photograph as the same person who was arrested was suffi-

cient evidence to establish defendant's identity), *appeal denied*, 117 Ill. 2d 549, 517 N.E.2d 1091 (1987); *Bullock v. State*, 451 N.E.2d 646 (Ind. 1983) (arresting officer's testimony, at trial in absentia, that person shown in a photograph was the same as that arrested, was held sufficient, in conjunction with testimony of eyewitnesses, to identify defendant as person who shot the victim); *State v. Hall*, 136 Ariz. 219, 665 P.2d 101 (Ariz. Ct. App. 1983) (evidence was sufficient to establish that person sentenced was the same person who was arrested and tried in absentia, particularly in light of the fact that the person never objected to being sentenced or that he would later claim that he was not the person convicted of the crime); *People v. Waithe*, 163 A.D.2d 347, 347, 557 N.Y.S.2d 174, 175 (in-court identification of defendant, who was being tried in absentia by reference to defendant's arrest photograph, was held to be proper), *appeal denied*, 76 N.Y.2d 897, 562 N.E.2d 884, 561 N.Y.S.2d 559 (1990). Here, contrary to Ahlquist's claim that identity of names was the only "circumstance tying [him] to the person in the photograph", the arresting officer identified the person he arrested as the same person in the photograph. Furthermore, as in *Hall*, Ahlquist never argued that he was not the person arrested, tried, and ultimately convicted.

■ Finally, we decide whether the "to convict" instructions were flawed since they failed to instruct the jury on the essential element of guilty knowledge. A jury instruction which makes no reference to the State's burden of having to prove guilty knowledge is clearly erroneous. *State v. Riggins*, 34 Wn. App. 463, 465-66, 662 P.2d 395 (1983), *review denied*, 101 Wn.2d 1001 (1984). Ahlquist claims that since the instructions made no reference to this element (*i.e.*, Ahlquist's knowledge that he was in fact delivering a controlled substance), they were clearly erroneous thereby justifying remand. We disagree. As the State points out, the "to convict" instruction was virtually identical to the one proposed by Ahlquist's counsel. "A party may not request an

448

instruction and later complain on appeal that the requested instruction was given." *State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979) (citing *Ball v. Smith*, 87 Wn.2d 717, 721, 556 P.2d 936 (1976)).

The judgment is affirmed.

PEKELIS and KENNEDY, JJ., concur.