38 P.3d 1021 (2001)
109 Wash.App. 864
CITY OF BELLINGHAM, Respondent,
v.
Erick B. STRUTHERS, Petitioner.
No. 46154-1-I.
Court of Appeals of Washington, Division 1.
December 24, 2001.
Publication Ordered January 14, 2002.
*1022 Robert E. Olson, Anthony Scott Parise, Bellingham, for Petitioner.
Jeffrey Alan Lustick, Jeffrey James Solomon, Bellingham, for Respondent.
Peter Robert Dworkin, Bellingham, for Whatcom County.
PER CURIAM.
This court granted discretionary review to consider Erick Struthers' challenges to his convictions for violation of a no-contact order and harassment. Finding that the charging documents were not deficient and that sufficient evidence supported the convictions, we affirm.

FACTS
On June 17, 1998, Erick Struthers was charged in Bellingham Municipal Court with violation of a no-contact order. The citation identified the offense as "violation of no-contact order" and referenced RCW 10.99.040(4)(a). Struthers was also charged with one count of harassment under RCW 9A.46.020. The charges arose from a series of harassing telephone calls that Struthers allegedly made to his estranged wife.
During the bench trial, Rebecca Bliss testified that she was separated from her husband, the defendant Erick Struthers, at the time of the charged offenses and that he was subject to a no-contact order that had been entered as part of a 1997 judgment and sentence. According to Bliss, Struthers made a series of threatening telephone calls to her at her place of employment on June 10, 1998. Among other things, Struthers told her, "I'm going to kick your fucking ass, bitch." The trial court found Struthers guilty as charged on both counts.
Following the verdict, Struthers moved to dismiss the charge of violation of a no-contact order, arguing that the City had failed to present sufficient evidence to identify him as the person who made the harassing telephone calls. Struthers also argued that the evidence was insufficient to support the conviction because he had been charged under RCW 10.99.040, which involves pre-trial orders, but the evidence at trial involved violation of a post-judgment no-contact order under RCW 10.99.050. The trial court denied the motion, and the Superior Court affirmed following a RALJ appeal.

DECISION
Struthers first contends that the trial court erred in refusing to dismiss the charge of violating a no-contact order. He argues that he was charged with violating RCW 10.99.040, which involves pre-trial no-contact orders. Because the alleged violation involved a post-judgment no-contact order, he maintains that the evidence established only a violation of RCW 10.99.050 and that his conviction must therefore be reversed. Struthers also appears to assert that the trial court effectively amended the citation to conform to the evidence after the City rested its case, in violation of State v. Pelkey,[1] and that he is entitled to a dismissal with prejudice because the amendment was subject to the mandatory joinder rule.[2]
Generally, "the State may not amend a criminal charging document to charge a different crime after the State has rested its case unless the amended charge is a lesser degree of the same charge or a lesser included offense."[3] But there is no evidence in the record suggesting that the trial court amended the charging document when it denied Struthers' motion to dismiss.
Struthers challenges only the erroneous reference to RCW 10.99.040 on the citation. But technical defects in the charging document, such as an error in the statutory citation, the date of the crime, or the specification of a different manner of committing the charged crime, do not generally require reversal.[4] Under CrRLJ 2.1(a)(2), "[e]rror *1023 in the citation or its omission shall not be ground for dismissal of the complaint or for reversal of a conviction if the error or omission did not mislead the defendant to his or her prejudice."[5]
In this case, the existence of the relevant no-contact order was not disputed, and Struthers does not allege that the reference to RCW 10.99.040 affected his ability to defend against the charge. Because Struthers was not prejudiced by the erroneous statutory citation, the trial court did not err in denying his motion to dismiss.
Struthers also contends that the evidence was insufficient to support his convictions because the City failed to prove the identity of the defendant. We disagree.
Evidence is sufficient if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt.[6] The State is entitled to all reasonable inferences arising from the evidence.[7] The identity of a criminal defendant must be proven beyond a reasonable doubt.[8]
Rebecca Bliss testified that at the time of the offense she was married to the defendant Erick Struthers and that the two had had a child together. Bliss, who had known Struthers for five or six years, identified him as the person who was prohibited from contacting her under the terms of a 1997 judgment and sentence and affirmed that she had "no doubt" Struthers was the person who had placed the harassing calls to her. Finally, Bliss acknowledged that divorce proceedings were pending, and the parties stipulated that Struthers had been served with divorce papers during the course of trial. During cross examination, defense counsel attempted to use the fact of the pending divorce to undermine the credibility of Bliss's testimony. Viewed in the light most favorable to the City, the foregoing evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Struthers was the person who placed the harassing telephone calls.
Struthers suggests that a witness must formally identify the person sitting next to defense counsel. But he has cited no authority to support this suggestion. Struthers' reliance on State v. Hunter,[9] for the proposition that "identity of names alone is not sufficient proof of the identity of a person" is equally misplaced. In Hunter, the defendant challenged the sufficiency of evidence that he was being detained in the county jail pursuant to a felony conviction, which was an element of the charged crime of attempted first degree escape. Although the mere identity of the defendant's name on the former judgment and sentences was not enough, the court concluded that testimony by a parole officer who identified the defendant as a former resident of the work release facility was sufficient independent evidence to establish the defendant as the same person named in the certified judgment and sentences.[10] In this case, as in Hunter, sufficient independent evidence established that the defendent was the person who committed the charged offenses.
Affirmed.
NOTES
[1] 109 Wash.2d 484, 745 P.2d 854 (1987).
[2] See State v. Dallas, 126 Wash.2d 324, 328 n. 1, 892 P.2d 1082 (1995) (late amendment of information to conform to evidence of related charge requires dismissal with prejudice under mandatory joinder rule).
[3] Dallas, 126 Wash.2d at 327, 892 P.2d 1082.
[4] State v. Vangerpen, 125 Wash.2d 782, 790, 888 P.2d 1177 (1995).
[5] See also State v. Weiding, 60 Wash.App. 184, 803 P.2d 17 (1991) (charging document that referred to statute not yet in effect was not constitutionally defective).
[6] State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992).
[7] State v. Partin, 88 Wash.2d 899, 901-02, 567 P.2d 1136 (1977).
[8] State v. Johnson, 19 Wash.App. 200, 204, 574 P.2d 741 (1978).
[9] 29 Wash.App. 218, 221, 627 P.2d 1339 (1981).
[10] Hunter, 29 Wash.App. at 221-22, 627 P.2d 1339.