IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32214-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL SOTO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Daniel Soto contests the sufficiency of the evidence identifying him as the person who twice previously violated a no contact order. We affirm.

FACTS

Mr. Soto was charged in the Franklin County Superior Court with one count of felony violation of a no contact order entered by the Pasco Municipal Court. It precluded Mr. Soto from having physical contact with, or being in proximity to, Ms. Fabiola Ayala.[1]

_____

[1] Originally, the order had prohibited Mr. Soto from having any contact with Ms. Ayala. However, in response to a request to lift the order, the municipal court instead modified the order to permit communication between the two by text, telephone, or email. Ex. 4.

The charge was filed after a Pasco Police Department officer stopped a car for speeding in the late evening of April 5, 2013. The driver was Ms. Ayala; she had a male passenger. Discovering that Ms. Ayala was a person protected by a no contact order, the officer obtained the identification of her passenger, Mr. Soto. His name, physical description, and birthdate matched that of the Daniel Soto who was subject to the no contact order.

Mr. Soto waived jury trial and his case proceeded to trial before the Honorable Carrie Runge. The municipal court's probation officer and a clerk of that court identified the no contact order and identified Mr. Soto as the man who was subject to the order. Two judgment and sentence forms were entered without objection establishing that Daniel Soto had previously violated a no contact order on nine occasions.

Defense counsel argued that Mr. Soto thought the order had been modified to allow his contact with Ms. Ayala and that the prior convictions did not establish that they involved the same Daniel Soto subject to the Pasco court's order. The trial judge rejected the arguments and concluded that Mr. Soto had once again violated the no contact order.

Findings of fact were entered in support of the bench verdict and a standard range sentence imposed. Mr. Soto then timely appealed to this court.

2

No. 32214-9-III
*State v. Soto*

ANALYSIS

The sole issue presented in this appeal is one argued by trial counsel—did the evidence support the determination that Mr. Soto had twice previously been convicted of violating a no contact order? The evidence does support the bench verdict.

Well settled standards govern appellate challenges to the sufficiency of the evidence to support a conviction. We review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Green*, 94 Wn.2d at 221-222. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).

The specific argument made here is one that is recurring in our criminal law. Where a prior conviction is an element of a crime, the State must prove its existence beyond a reasonable doubt; an identity of names alone is insufficient to meet this burden. *State v. Harkness*, 1 Wn.2d 530, 543, 96 P.2d 460 (1939); *State v. Hunter*, 29 Wn. App. 218, 221, 627 P.2d 1339 (1981); *State v. Brezillac*, 19 Wn. App. 11, 13, 573 P.2d 1343 (1978). Thus, there must be some independent corroborative evidence that shows that the

3

person whose former conviction is proved is the defendant in the present action. *Hunter*, 29 Wn. App. at 221. Once the State has done this, it has established a prima facie case and the burden shifts to the defendant to cast doubt upon the identity of the individual in the documents. *Id.* at 222.[2]

The leading Washington criminal case on identification is *State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974). There the court stated:

> It is axiomatic in criminal trials that the prosecution bears the burden of establishing beyond a reasonable doubt the identity of the accused as the person who committed the offense. . . . Identity involves a question of fact for the jury and any relevant fact, either direct or circumstantial, which would convince or tend to convince a person of ordinary judgment, in carrying on his everyday affairs, of the identity of a person should be received and evaluated.

*Id.* at 560. The court concluded that testimony that "Jimmy Hill" and "the defendant" was the responsible party was sufficient to prove identity even in the absence of in-court identification. *Id.*

Mr. Soto relies in part on the decision in *State v. Huber*, 129 Wn. App. 499, 119 P.3d 388 (2005). There the prosecution failed to establish that the Mr. Huber who was present at the jury trial for bail jumping was the same Mr. Huber who had failed to appear in court at an earlier hearing. *Id.* at 500-501. Noting that many people have the

---

[2] While not a basis for our decision, we do note that there was no conflicting evidence suggesting that there were multiple people named Daniel Soto subject to no contact orders in the greater Pasco area.

4

No. 32214-9-III
*State v. Soto*

same name, the court concluded that the evidentiary flaw in the case was the failure to connect the paperwork from the first case with the defendant in the current bail jumping case. *Id.* at 502-503.

There was more than similarity in names here. The Daniel Soto listed in the protection order has the same birthday—January 14, 1977—as the Daniel Soto in both judgment and sentence forms. *See* Exs. 2, 3, 5. The signature "Daniel Soto" on each of the three forms looks identical. These facts corroborate the identification of Daniel Soto on the prior convictions with the Daniel Soto currently in the courtroom subject to the Pasco Municipal Court no contact order.

The evidence supported the bench verdict. The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, C.J.

5