# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48154-5-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| RUBEN EDWARD CORTEZ | |

BJORGEN, C.J. — A jury returned a verdict finding Ruben Edward Cortez guilty of failure to register as a sex offender. Cortez appeals, asserting that (1) the trial court erred by failing to enter written findings of facts and conclusions of law following a CrR 3.5 hearing, and (2) the State failed to present sufficient evidence in support of his conviction. Because the trial court's failure to enter written findings and conclusions was harmless, and because sufficient evidence supports Cortez's failure to register as a sex offender conviction, we affirm.

FACTS

On February 9, 2015, Vancouver Police Officer Jason Mills arrested Cortez for failure to register as a sex offender. Cortez was then transported to the Clark County Jail. As part of the jail booking process, Cortez's photograph and fingerprints were taken. While at the Clark County Jail, Cortez spoke with Mills. Cortez told Mills that he lived at his father's residence in Vancouver from April 2014 to September 2014, after which he moved to another residence in

Vancouver. Cortez also told Mills that he was aware of his requirement to register his residence addresses, but that he did not attempt to do so.

On September 28, 2015, the State charged Cortez by amended information with failure to register as a sex offender. Before the start of trial, the trial court held a CrR 3.5 hearing to determine the admissibility of Cortez's statements to Officer Mills. Following the CrR 3.5 hearing, the trial court orally ruled that Cortez's statements were admissible, stating:

> Based on the information I have, I find the undisputed evidence or undisputed facts are that the officer arrested Mr. Cortez, placed him in custody. He was transported to the Clark County Jail and there he was subjected to an interrogation. He was asked questions about why he was there and he answered those questions.
> I find as an undisputed fact that he was advised of his constitutional rights prior to that occurring. I can't—the only evidence I have is the officer's testimony that although he can't recall specifically whether he did it from memory on this occasion or whether he did it reading from a form, that he advised Mr. Cortez of those rights.
> Mr. Cortez didn't contest that. He just said he can't recall one way or the other, because he was distraught. He was advised of his rights. He understood his rights based on the objective evidence at the time and he agreed to answer the questions of the officer. And he did so without any trick or coercion by the officer, no threats or promises being made. Both of the people who testified agreed to that.
> Mr. Cortez apparently was upset. Both Mr. Cortez and the officer testified he was concerned about his family and apparently, his daughter, but he was aware of his surroundings and knew what he was doing. The fact he doesn't recall the details of it now is understandable, but not a basis for me finding that something improper occurred.
> So for that reason, I do find that the statements that he made to the officer on this particular day were admissible under 3.5.

Report of Proceedings (RP) at 34-35. The trial court did not, however, enter written findings and conclusions as required under CrR 3.5(c).

At trial, Officer Mills identified Cortez as the person he had arrested on September 9. Cortez's booking documents from his September 9 arrest were admitted as a trial exhibit. The September 9 booking documents include a photograph of Cortez, his date of birth, and his fingerprints.

2

The trial court also admitted a 1994 juvenile order of commitment, which indicated that "Ruben Edward Cortez, Jr." had been convicted of first degree child rape.  Exh. 2.  The 1994 order of commitment included the convicted juvenile's thumb prints and stated the juvenile's date of birth as May 23, 1979.  The trial court also admitted a 1999 judgment and sentence document from Clark County that indicated "Ruben Edward Cortez, aka Jacob Adam Wilcox" had been convicted by guilty plea of failure to register as a sex offender.  Exh. 3A.  The 1999 judgment and sentence stated the defendant's date of birth as May 23, 1979 and included the defendant's fingerprints.  Additionally, the trial court admitted a 2005 felony judgment and sentence document from King County that indicated "Ruben Edward Cortez" had been convicted by guilty plea of failure to register as a sex offender.  The 2005 felony judgment and sentence document included "Ruben Edward Cortez['s]" fingerprints and stated that his date of birth was May 23, 1979.  Exh. 4 at 29.  A certified copy of Cortez's driver's license was also admitted at trial.

Nancy Druckenmiller, an identification specialist with the Clark County Sheriff's Office, testified that she had analyzed the fingerprints from Cortez's September 9 booking documents.  Druckenmiller stated that she compared those fingerprints with the prints associated with the 1994 juvenile order of commitment, the 1999 judgment and sentence, and the 2005 felony judgment and sentence.  Druckenmiller concluded that all the fingerprints were taken from the same person.

The jury returned a verdict finding Cortez guilty of failure to register as a sex offender.  The jury also returned a special verdict finding that Cortez was previously convicted on at least two occasions of failure to register as a sex offender.  Cortez appeals.

ANALYSIS

I. FAILURE TO ENTER WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW

Cortez first contends that the trial court erred by failing to enter written findings of fact and conclusions of law following the CrR 3.5 hearing. The State concedes that the trial court erred by failing to enter written findings and conclusions as required under CrR 3.5(c) but argues that the error was harmless. We agree with the State.

After conducting a CrR 3.5 hearing to determine the admissibility of a criminal defendant's statements, a trial court must set forth in writing "(1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." CrR 3.5(c). A trial court errs by failing to enter written findings and conclusions required under CrR 3.5(c), but such error is harmless if the trial court's oral findings are sufficient to permit appellate review. *State v. Cunningham*, 116 Wn. App. 219, 226, 65 P.3d 325 (2003). A trial court's failure to enter written findings and conclusions is not grounds for reversal absent a showing of prejudice. *State v. Thompson*, 73 Wn. App. 122, 130, 867 P.2d 691 (1994).

Here the trial court provided detailed oral findings, set out above, that would satisfy the requirements of CrR 3.5(c) if reduced to writing. These detailed oral findings would be sufficient to permit appellate review, but Cortez does not raise any issue with the oral findings or with the legal conclusion that his statements were admissible at trial. Instead, he merely argues that the failure to enter written findings requires reversal of his conviction and remand for a new trial. Because Cortez fails to show any prejudice resulting from the trial court's failure to enter written findings and conclusions, we hold that the error was harmless.

II. SUFFICIENCY OF THE EVIDENCE

Next, Cortez contends that the State failed to present sufficient evidence in support of his conviction of failure to register as a sex offender. Specifically, Cortez argues that the State failed to prove that he had a duty to register because it did not present evidence that he was the same Ruben Edward Cortez identified on the September 9 booking documents, the 1994 juvenile order of commitment, the 1999 judgment and sentence, and the 2005 felony judgment and sentence. We disagree.

Sufficient evidence exists to support a conviction if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). A defendant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences that can reasonably be drawn from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). When reviewing the sufficiency of the State's evidence, we consider circumstantial evidence and direct evidence as equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992), *abrogated on other grounds by In re Pers. Restraint of Cross*, 180 Wn.2d 664, 327 P.3d 660 (2014).

To convict Cortez of failure to register as a sex offender as charged, the State had to prove beyond a reasonable doubt that he (1) had a duty to register under former RCW 9A.44.130 (2011) for a felony sex offense and (2) knowingly failed to comply with former RCW 9A.44.130's registration requirements. Former RCW 9A.44.132(1) (2011). Additionally, to elevate the crime to a class B felony, the State had to prove beyond a reasonable doubt that

Cortez had previously been convicted of failure to register as a sex offender on two or more occasions. Former RCW 9A.44.132(1)(b). Cortez challenges only the evidence in support of the element that he had a duty to register, asserting that the State failed to prove he was the person previously convicted as a juvenile of first degree child rape. Where, as here, the fact of a prior conviction is an element of the charged crime, the State must show by independent evidence that the person named in a former judgment is the same person being tried in the present action. *State v. Hunter*, 29 Wn. App. 218, 221, 627 P.2d 1339 (1981). We hold that the State has met this burden.

Officer Mills identified Cortez in court as the same person he had arrested on September 9 and had witnessed being booked at the Clark County Jail. The State's exhibit 1 contains Cortez's September 9 booking documents, including Cortez's booking photograph and his fingerprints. This was sufficient evidence from which any reasonable jury could conclude that the defendant was the same "Ruben Edward Cortez" booked at the Clark County Jail on September 9. The State also presented evidence in the form of Druckenmiller's expert testimony that the fingerprints on the September 9 booking documents belonged to the same person who provided fingerprints on the 1994 juvenile order of commitment for a conviction of first degree child rape, as well as the 1999 and 2005 judgment and sentences for failure to register as a sex offender. Additionally, the jury was provided with a certified copy of Cortez's driver's license, from which it could compare Cortez's listed date of birth with the date of birth stated on each of the exhibits mentioned above. Because the State presented independent evidence that the

6

defendant was the same Ruben Edward Cortez convicted as a juvenile for first degree child rape, Cortez's sufficiency claim is without merit. Accordingly, we affirm his conviction.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorge, C.J.

BJORGEN, C.J.

We concur:

Johanson, J.

JOHANSON, J.

Melnick, J.

MELNICK, J.

---

[1] Cortez argues that, under the corpus delicti rule, the State cannot rely on his statements to police to support the duty to register element. Because we hold that the State presented sufficient evidence in support of his conviction independent of his statements to police, we need not address this argument.