**FILED**
**JULY 17, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35289-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMIE MICHAEL MASON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jamie Mason appeals his conviction for escape in the

first degree. He argues the State presented insufficient evidence that he was the same

person convicted of the original felony offense. He also raises two arguments in his

statement of additional grounds for review. We reject his arguments and affirm.

## FACTS

On August 6, 2015, a judgment of conviction was entered against a man named

Jamie Mason for second degree possession of stolen property, a class C felony. On

October 19, 2015, he began serving his sentence at Ahtanum View, a work release

detention facility. On December 26, he failed to return from his approved trip to

Walmart. As a result, the State charged Mason with escape in the first degree.

At trial, the State produced a certified copy of the felony judgment and sentence from the second degree possession of stolen property conviction. The judgment and sentence included the convicted person's Department of Corrections (DOC) number, 786095; date of birth, June 15, 1976; gender, male; and race, white.

The State also produced a wanted poster with a clear photograph of a man named Jamie Mason with DOC number 786095.

Carol Wiegand, a resident monitor at Ahtanum View, identified Mason in court as the person who began serving his sentence at Ahtanum View on October 19, 2015, and the person pictured in the wanted poster.

Kesiah Werst, also a resident monitor at Ahtanum View, identified Mason as the person who signed a form containing work release rules. This form listed DOC number 786095 following Mason's signature. She testified that on December 26, 2015, Mason failed to return from his approved trip to Walmart.

The jury found Mason guilty of escape in the first degree, and the trial court entered a judgment of conviction and sentenced him. He now appeals.

ANALYSIS

Mason argues the State's evidence was insufficient to prove that he was the same person earlier convicted of second degree possession of stolen property.

In a criminal case, the State must produce sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

When a former judgment is an element of the substantive crime being charged, "[i]t must be shown by independent evidence that the person whose former conviction is proved is the defendant in the present action." *State v. Hunter*, 29 Wn. App. 218, 221, 627 P.2d 1339 (1981). Presenting only a copy of the former judgment and sentence is not enough. *Id.*

Here, the State produced ample evidence that Mason was the same person earlier convicted of second degree possession of stolen property. The felony judgment and sentence identifies a man named Jamie Mason with DOC number 786095. Two witnesses identified Mason as a former resident of Ahtanum View. One witness testified that Mason signed a work rules form. The admitted form shows Mason's signature and DOC number 786095. In addition, the wanted poster has a clear photograph of Jamie Mason with DOC number 786095. The jury could compare the clear photograph with the person sitting before them. We conclude that the State produced sufficient evidence for a trier of fact to find beyond a reasonable doubt that Mason was the same person who had been earlier convicted of second degree possession of stolen property.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

Mason makes two arguments in his SAG. He first argues:

On or about 1-5-17 my constitutionally protected right to speedy trial was violated and taken from me.

SAG at 1.

Our criminal rules require an accused who remains in jail after arrest to have his or her trial commenced within 60 days of arraignment. CrR 3.3(b)(1)(i). The rules also exclude periods of time for various reasons. CrR 3.3(e). To preserve a claim for a speedy

4

trial rule violation, the defendant must timely object to the setting of a trial that is outside of the speedy trial period. CrR 3.3(d)(4).

The record before us does not show when Mason was arraigned nor does it show a timely speedy trial objection. The record, therefore, is insufficient for us to affirmatively determine whether a violation occurred or not. Issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not an SAG. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

Mason next argues:

Ineffective assistance from counsel, my court appointed lawyer refused to supena [sic] witness I asked for. Also the charge of [first degree] escape is excessive considering I had permission to leave and D.O.C. sanctioned me for failing to return from authorized sign out. I believe I should have been charged with willful walk away and not escape.

SAG at 1.

First, failure to subpoena a witness does not constitute ineffective assistance of counsel unless the defendant can show that counsel's performance was deficient and that counsel's error actually prejudiced the defendant. *State v. Sosa*, 59 Wn. App. 678, 686, 800 P.2d 839 (1990). Mason fails to explain what relevant helpful information his desired witness had so he has not shown that he was actually prejudiced. Therefore, failure to subpoena the witness was not ineffective assistance of counsel.

Second, Mason's claim that the charge was excessive lacks merit. A prosecutor's discretion to charge separate crimes with differing punishment does not violate equal protection if the crimes require proof of different elements. *State v. Darrin*, 32 Wn. App. 394, 396, 647 P.2d 549 (1982).

The statutory scheme provides for three different degrees of escape under chapter 9A.76 RCW. First degree escape—a class B felony—requires proof that the defendant was detained pursuant to a felony *conviction*. RCW 9A.76.110. Second degree escape—a class C felony—requires the defendant to have escaped after being *charged* with a felony or equivalent juvenile offense or while he was committed under chapter 10.77 RCW. RCW 9A.76.120. Third degree escape—ordinarily a misdemeanor—requires a showing that the defendant escaped from custody or violated terms of an electronic monitoring program. RCW 9A.76.130.

Mason's conduct met the statutory elements of first degree escape and exceeded the elements of both second and third degree escape. We find no support for his claim that the charge of escape in the first degree was excessive.

No. 35289-7-III
*State v. Mason*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Korsmo, J.                                                    Fearing, J.

7