**FILED**
**OCTOBER 15, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39617-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESIQUIO J. DELEON, JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — Esiquio Deleon, Jr., challenges the sufficiency of evidence used to convict him of second degree unlawful possession of a firearm.  He asserts that there was insufficient evidence to prove he had previously been convicted of a felony.  The State presented three pieces of evidence to support this necessary element: (1) a certified copy of a judgment and sentence showing a person with the same name was previously convicted of a felony, (2) Deleon's confession that he was a felon; and (3) out of court statements by law enforcement officers that Deleon had a prior felony conviction.

While Deleon waived any objection to the admissibility of the judgment and sentence, the judgment is not evidence that Deleon had a prior felony conviction because the State failed to introduce any independent evidence that Deleon was the same person named in the judgment and sentence.  And while Deleon's confession alone would be

insufficient to prove that he had a prior felony conviction, the confession was sufficiently

corroborated by the statements of two law enforcement officers who knew Deleon had

previously been convicted of a felony.

We affirm Deleon's conviction, holding that the evidence was sufficient to support

the conviction for second degree unlawful possession of a firearm. We remand for the

limited purpose of striking the victim penalty assessment (VPA) from Deleon's judgment

and sentence.

BACKGROUND

On July 5, 2021, a person named Mitchell stopped at a gas station to purchase

cigarettes. After returning to his car, he attempted to turn it on, but it would not start.

Deleon approached Mitchell and offered to help him. Mitchell opened his trunk to access

his tools, which is where he also kept his pistol. After Mitchell realized his pistol was

missing, he confronted Deleon who denied taking the pistol. As Mitchell called 911,

Deleon drove away. Mitchell provided the 911 operator with the license plate number of

the car Deleon was driving.

Corporal Tyler St. Onge responded to the 911 call and investigated Mitchell's

report of the missing firearm. As part of his investigation, he reviewed the surveillance

footage from the gas station. After recognizing Deleon in the surveillance footage,

Corporal St. Onge visited Deleon's apartment to ask him a few questions. During the

questioning, Deleon eventually admitted he had taken the pistol out of Mitchell's car and

2

later dropped it off to a friend.  During this conversation, the following exchange

occurred related to the pistol being turned in to the police department:

> [DELEON]: But, well, when he's got problems and I'm nervous and I was
> —I was already (indiscernible) man, here it is, you know.  I didn't took it
> nowhere or anything.  I was trying to take it back to you guys—
>
> [CORPORAL ST. ONGE]: But you just—
>
> [DELEON]: — you know.
>
> [CORPORAL ST. ONGE]: But you took it to Justine.
>
> [DELEON]: To Justine's for her to take it to the police station for me, you
> know.
>
> [CORPORAL ST. ONGE]: Because she's—cause she's not a—
>
> [DELEON]: (indiscernible) yeah.
>
> [CORPORAL ST. ONGE]: She's not a felon or anything like that?
>
> . . . .
>
> [CORPORAL ST. ONGE]: wouldn't be questioned why you'd be in
> possession of a gun?  Is that why?  Okay.
>
> [DELEON]: I was just trying to, you know—I'm trying to take it back to
> you guys.

Rep. of Proc. (RP) at 240-41.

Another law enforcement officer went and spoke with Deleon's friend, Justine,

who had been given the pistol from Deleon.  The pistol matched the serial number

provided to the officers and it was later returned to Mitchell.  Deleon was arrested and

taken to the Grant County Jail.  While at the jail, Deleon admitted taking the firearm to

3

the corporal who was booking him. At one point, Deleon asked the corporal what kind of trouble he was going to be in. The corporal responded, "sounds like you're gonna be in a lot. You know that you're a felon, you're not supposed to have it." RP at 282-83. The corporal testified that Deleon "admitted to that" and admitted he had a prior felony conviction. RP at 283.

The State charged Deleon with theft of a firearm and first degree unlawful possession of a firearm. The State later amended the second charge to second degree unlawful possession of a firearm.

*Discussion and Admission of Exhibit 6*

During motions in limine, the State sought to introduce evidence of a 2014 felony judgment and sentence, reflecting the name Esiquio Deleon Jr. with a conviction for possession of a stolen vehicle, to which defense counsel objected. Defense counsel stated that, although they understood that there needed to be a predicate offense to establish unlawful possession of the firearm, they would be seeking redactions. The court reserved on the issue.

Later during trial, the court readdressed the issue. After hearing argument from both parties, the court ruled that more redactions were needed. Counsel was provided a redacted version and was told to take a look at the redactions.

The redacted judgment was next addressed after both parties rested their case and the jury had been released for the evening. The court inquired of defense counsel about

4

the redactions. Defense counsel stated that the redactions were appreciated and appropriate. The only request by defense counsel was that a copy be made so that the jury was not able to see the whiteout. The judge denied the request, indicating the clerk would not allow it because the copy would no longer be a certified copy. Defense counsel did not object, and the court admitted the Exhibit. The State proceeded to use exhibit 6 in its closing argument and defense counsel did not object.

The jury found Deleon guilty of theft of a firearm in count one and second degree unlawful possession of a firearm in count two.

After trial, defense counsel filed a motion to arrest judgment as to the conviction for unlawful possession of a firearm in count two. Defense argued that there was no testimony at trial that linked Deleon with the felony judgment and sentence in exhibit 6. Specifically, defense alleged there were no identifying characteristics to confirm Deleon was in fact the person named in the judgment and sentence. The State responded, arguing that the two officers provided testimony that Deleon admitted he was a felon and therefore the evidence was sufficient to prove he was not permitted to possess a firearm. The trial court agreed with the State, stating that because Deleon admitted he was a felon to two witnesses, there was sufficient evidence to find that he was in fact a convicted felon.

At sentencing, the trial court imposed the $500 VPA and noted Deleon's indigency on the standard felony judgment and sentence form.

5

Deleon appeals.

## ANALYSIS

1.    ERROR PRESERVATION

As a preliminary matter, we address whether Deleon preserved his challenge on appeal to the admissibility of the judgment and sentence as an exhibit.  Deleon contends the trial court erred by admitting the exhibit into evidence after the close of evidence.

In Washington, an "appellate court may refuse to review a[ ] claim of error [that] was not raised in the trial court." *See* RAP 2.5(a).  "The underlying policy . . . is to 'encourag[e] the efficient use of judicial resources'" and to allow the trial court to correct the issue if given the opportunity.  *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (alteration in original) (quoting *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)).  This supports the principle that defense counsel is obligated to seek a remedy as an error occurs or shortly thereafter.  *Id.*

Here, Deleon's attorney failed to object to admission of the exhibit after the State rested.  Furthermore, defense counsel did not object when the State discussed the judgment and sentence in closing and explained to the jury the exhibit would go back during deliberations although they did not have it during trial.

The failure to object to the admission of the judgment and sentence waives any challenge on appeal to its admissibility.

2.   EVIDENCE SUFFICIENCY

Deleon argues the evidence was insufficient to prove he had a prior felony conviction, a necessary element of the crime of second degree unlawful possession of a firearm.  The State produced three pieces of evidence tending to show that Deleon had a prior felony conviction: (1) a judgment and sentence with the same name, (2) witness testimony that Deleon had confessed to such, and (3) the testimony of two law enforcement officers who were familiar with Deleon and who indicated that Deleon had a prior felony conviction.  Deleon contends this evidence was insufficient because the State failed to produce any evidence to tie his identity to the felony judgment and sentence or corroborate his confession.  We conclude that the evidence was sufficient.

"The State has the burden of proving the elements of a crime beyond a reasonable doubt."  *State v. Clark*, 190 Wn. App. 736, 755, 361 P.3d 168 (2015).  When a defendant challenges the sufficiency of the evidence against him, this court "view[s] the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Clark*, 190 Wn. App. at 755.  "A challenge to the sufficiency of the evidence admits the truth of the State's evidence."  *Clark*, 190 Wn. App. at 755.  When challenging sufficiency of the evidence, "[c]ircumstantial evidence and direct evidence carry equal weight."  *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).  The proper remedy where the State does not present sufficient evidence of all the elements of the crime, including added

7

elements, is to reverse the conviction and dismiss with prejudice. *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

Deleon was charged with second degree unlawful possession of a firearm. For the jury to find him guilty of this offense, it was instructed it had to find that on or about July 5, 2021, he (1) knowingly had a firearm in his possession or control, and (2) had previously been convicted of a felony. RCW 9.41.040(2). At issue on appeal is whether the State produced sufficient evidence of Deleon's prior felony conviction.

Deleon contends that the judgment and sentence was not evidence of a prior conviction because the State failed to introduce any evidence that tied Deleon to the person identified in the judgment and sentence. We agree.

When a prior conviction is an essential element of the crime charged, evidence of a certified judgment with an identical name is insufficient to prove the person currently on trial committed the prior crime. *State v. Santos*, 163 Wn. App. 780, 784-85, 260 P.3d 982 (2011). Because it is possible for different individuals to have the same name, the State must show "by independent evidence that the person whose former conviction is proved is the defendant in the present action." *State v. Hunter*, 29 Wn. App. 218, 221, 627 P.2d 1339 (1981).

Here, the judgment and sentence admitted as exhibit 6 included the name "Esiquio Deleon, Jr." and other identifiers such as the person's date of birth and fingerprints. Ex. 6. But the State failed to submit any evidence that Deleon had the same birthdate or

8

fingerprints. Nor did any witness testify that Deleon was the same person named in the judgment and sentence.

Relying on *Hunter*, the State argues that the testimony of two law enforcement officers from Grant County, stating that they were familiar with Deleon and recognized him as having a prior felony conviction, was sufficient to corroborate the judgment and sentence. In *Hunter*, after admitting the certified copies of two judgments and sentences from Lewis County, the State presented the testimony of a parole officer who identified the defendant as a person who had been transferred to a work release program following his felony convictions in Lewis County. 29 Wn. App. at 221. This parole officer also testified that the defendant's work release status had been revoked and he was being held in the Cowlitz County Jail when he attempted to escape. *Id*. The court held this testimony was sufficient independent evidence to establish that the defendant was the same person named in the judgments and sentences. *Id*. at 221-22.

While *Hunter* is informative, it is factually distinguishable. In Deleon's case, the officers were from Grant County and the judgment was from Grant County, but the officers' testimony was general and failed to provide any specifics that would tie Deleon to the person listed in the judgment and sentence.

Having determined that the judgment and sentence was not evidence of Deleon's prior conviction, we must consider whether the remaining evidence is sufficient. Deleon argues that his confession to being a felon is insufficient to support the conviction

because the confession was not corroborated. Under the rules of corpus delicti, evidence must be sufficient to support an inference that a crime took place independent of the defendant's confession. *State v. Cardenas-Flores*, 189 Wn.2d 243, 264, 401 P.3d 19 (2017). The evidence must "independently corroborate, or confirm, a defendant's confession." *State v. Brockob*, 159 Wn.2d 311, 328-29, 150 P.3d 59 (2006). The independent evidence is sufficient if it makes a prima facie showing of the corpus delicti. *Cardenas-Flores*, 189 Wn.2d at 258. "The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it *prima facie* establishes the *corpus delicti*." *State v. Meyer*, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951). "'Prima facie corroboration exists . . . if the independent evidence supports a logical and reasonable inference of the facts' the State seeks to prove." *Cardenas-Flores*, 189 Wn.2d at 258 (internal quotation marks omitted) (quoting *Brockob*, 159 Wn.2d at 328).

Here again, the State relies on the testimony of two officers who were familiar with Deleon and made comments that were introduced as evidence demonstrating that the officers knew that Deleon had previously been convicted of a felony. While this testimony was insufficient to tie Deleon to the person named in the judgment and sentence, we agree that it is sufficient to establish prima facie corroboration of Deleon's confession. Consequently, Deleon's confession can be considered.

10

We conclude that Deleon's admission that he had been previously convicted of a felony and could not possess firearms, along with the testimony of two officers familiar with Deleon who indicated that Deleon had prior felony convictions, provided sufficient evidence that Deleon was a felon prohibited from possessing firearms. Deleon does not contest any other element of the offense and we find the evidence sufficient to support his conviction for second degree unlawful possession of a firearm.

3. VPA

Deleon contends that pursuant to recently enacted legislation, the VPA should be struck from his judgment and sentence because the court found him indigent. The State concedes, claiming this court should remand for the trial court to determine whether RCW 7.68.035(5) applies to Deleon. We accept the State's concession.

Under former RCW 7.68.035(1)(a), a trial court was required to impose the $500 VPA for one or more felony or gross misdemeanor convictions. However, earlier last year, this statute was amended. *See* LAWS OF 2023, ch. 449, § 1. Effective July 1, 2023, this amendment included a provision that instructs a court not to impose the VPA if the defendant is found indigent as defined in RCW 10.01.160(3). RCW 7.68.035. Likewise, the amendment also requires trial courts to waive any VPA imposed prior to July 1, 2023, if the offender is indigent, on the offender's motion. RCW 7.68.035(5)(b).

Here, the trial court imposed the $500 VPA at sentencing and noted Deleon's indigency on the standard felony judgment and sentence form. Because Deleon was

11

indigent at the time of sentencing, the VPA should be struck from his judgment and sentence. Although the amendment was not in effect at the time of his sentencing, it applies to Deleon because his case is on direct appeal. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

We affirm Deleon's conviction but remand with instructions to strike the VPA from Deleon's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.